Robert Eugene **WIEBUSCH,** Appellant,

v.

**Laverne Geraldine (Wiebusch) DEKE,** Respondent.

**No. WD 40067.**

Missouri Court of Appeals, Western District.

Dec. 20, 1988.

Sharlie Pender, Kansas City, for appellant.

J. Kent Emison, Bradley, Langdon, Bradley & Emison, Higginsville, for respondent.

Before SHANGLER, P.J., and CLARK and FENNER, JJ.

CLARK, Judge.

This is an appeal from an order by the trial court modifying a dissolution of marriage decree by increasing child support payable by appellant-father to respondent-mother. Appellant contends the judgment was in error because unsupported by the evidence and because the amount of support ordered was an onerous burden exceeding appellant's financial resources. We reverse in part.

The parties were divorced in 1972 at which time respondent was awarded custody of three minor children. Appellant was ordered to pay child support of $60.00 per month for each child. In 1974, the amount was increased to $75.00 and this was raised in the last previous modification to $90.00 a month effective in 1982. Only one of the three children, Ryan who was age 18 at the time of the present motion hearing, remains dependent for purposes of appellant's court ordered support payments.

Respondent moved for increased support on account of Ryan and a hearing was conducted. The court granted respondent's motion and ordered support payments increased to $125.00 a month. The court also assessed a one time contribution of $4500.00 toward college expenses and directed that the amount be paid in three equal installments on November 2, 1987, November 2, 1988 and November 2, 1989.

■ The first point appellant raises asserts that the increase in child support cannot stand because respondent failed to show changed circumstances so substantial and continuing as to make the terms of the prior decree unreasonable. In reviewing this contention we note that not every change in circumstances will justify a modification of the decree. In the enactment of § 452.370, RSMo 1986, the legislature intended to require a stricter standard for modification of a decree than was formerly required. The burden of demonstrating a substantial and continuing change of circumstances is upon the movant. *Crowell v. Crowell*, 742 S.W.2d 244, 246 (Mo.App. 1987), and cases there cited.

With these precepts in mind, we review the evidence presented to the trial judge. That evidence was essentially undisputed and may be summarized as follows.

The primary consideration which prompted respondent to seek an increase in child support was the enrollment of the son, Ryan, as a freshman student at the University of Missouri. Respondent presented a summary of anticipated college expenses

for the 1987–88 school year. The total cost for tuition, books and supplies, room and board and personal expenses was estimated by her to be $5650.00. Of this amount, $2550.00 was to be contributed by the respondent, the balance being defrayed by a scholarship and by a loan Ryan obtained from other sources.

Respondent offered no evidence of any comparative increases in general household expenses between 1982 when the last prior award of child support was made and the current date. She did present an exhibit listing various household expenses as of the date of hearing, but in response to counsel's inquiry as to what had changed in that respect since 1982, respondent answered, "Oh, I really don't remember, but I guess it was very nearly the same."

The income of the parties was also a subject of testimony. At a date prior to the last previous order modifying this decree in 1982, respondent remarried. Both she and her present husband are employed and have a combined net income of $1838.00 per month after taxes. Respondent's earnings contribute $600.00 per month to this amount. Respondent and her husband also conduct a farming operation in Saline County. The only change described in respondent's income was an increase as compared to her earnings in 1982.

Appellant's income before taxes is approximately $1000.00 per month, primarily from a home improvement business he operates. The sum described includes $70.00 per month from interest on bank deposits. Appellant's income is equal to or less than his earnings in 1982. Appellant owns 100 acres of land in Lafayette County, subject to an unspecified indebtedness secured by a deed of trust. Appellant's assets have not increased since 1982, although he did sell some farm machinery converting the value to cash.

Based on the evidence summarized above, the trial court entered an order, the pertinent portion of which reads as follows:

[t]he Court … finds that there has been a substantial change of circumstances since the entry of the Amended Decree herein and that the monthly child support for Ryan should be increased from Ninety ($90.00) Dollars per month as provided by the Decree to One Hundred Twenty–Five ($125.00) Dollars per month and further finds that petitioner Robert Wiebusch should pay the sum of Four Thousand Five Hundred ($4,500.00) Dollars towards the expenses incurred by Ryan in attending college, payable in three (3) installments of One Thousand Five Hundred ($1,500.00) Dollars on the following dates: November 2, 1987, November 2, 1988 and November 2, 1989.

The evidence described above includes no proof of substantial change in circumstances referable to respondent's economic status which would warrant a revision in the support order. As noted, respondent's income has increased since 1982 and she offered no proof of increased financial needs of the child, except for the college tuition, books and related items. Respondent's case for added support therefore rests on this latter category of expenses alone. It cannot be said that any increased ability of appellant to contribute was proved. To the contrary, appellant's circumstances have at least remained static if they have not deteriorated. The question then is whether respondent's proof of a net expense addition of $2550.00 for the 1987–88 school year supports the order which the trial court made.

The first and obvious problem with the order lies in the allowance of $4500.00 payable in installments. What the judgment has attempted to impose is an allowance of child support in gross, a concept unknown to the Missouri Dissolution of Marriage Law.

An order for child support is to be made in conformity with § 452.340, RSMo 1986, which prescribes the factors to be considered. Determination of the proper amount to be paid by the father to the mother as custodial parent requires a balancing between the needs of the child and the ability of the father to pay. *Wynn v. Wynn*, 738 S.W.2d 915, 919 (Mo.App.1987). The burden of proof necessary to support an award of child support requires a show-

ing of the actual expenses for the child at the time the determination is made. *Niswonger v. Niswonger,* 676 S.W.2d 932, 933 (Mo.App.1984).

The award of $4500.00 supplementary child support in the present modification order is ambiguous as to its purpose in that use of the words, "towards the expenses incurred," suggests a presently existing obligation whereas the deferral of payment is indicative of an intention that the annual contributions aid Ryan in meeting future as well as current college expenses. In neither case, however, can the award stand. If it were the court's intention to allow the stated amount based on proof of current needs as of the date of hearing, the judgment fails because it is unsupported by the evidence. Disregarding entirely the monthly support ordered, which would defray at least part of the support obligation, the allowance substantially exceeds the proven college expense increment of $2550.00. Even that amount would have been excessive because it would not account for some contribution by respondent from her resources.

■ If it be assumed that the award were intended as a supplement of $1500.00 for successive college terms to 1990, the allowance cannot stand because it is not based on actual and current expenses. Quite obviously, respondent was in no position to prove in October, 1987 what Ryan's needs would be in November, 1988 or in November, 1989 or even whether he would then be enrolled as a college student. The court is limited in determining an award of child support to demonstrable current needs, leaving for future disposition by modification any adjustments required by substantial and continuing changes in circumstances.

The award in question is also unsupportable if it be translated into a monthly allowance, assuming the intention of the court was merely to set a payment schedule more appropriate to the obligation of annual education costs.[1] To discharge the

payment obligation of $4500.00 within the term from November, 1987 to November, 1989, appellant would be required to pay the additional amount of $187.50 a month. When this is added to the child support of $125.00 a month otherwise payable, the result is an increase in child support from $90.00 a month to $312.50 a month.

■ In reviewing an order modifying a dissolution of marriage decree, the appellate court is limited to determining whether the order is supported by substantial evidence, whether it is against the weight of the evidence or whether it erroneously declares or applies the law. *Markowski v. Markowski,* 736 S.W.2d 463, 465 (Mo.App. 1987). In this case, the award of a gross sum for child support erroneously applied the law because, unlike an award of maintenance under § 452.335, RSMo 1986, the court has no authority to predetermine the period of time within which child support shall be payable. Moreover, the order was not supported by the evidence which showed no substantial improvement in the financial resources of appellant and no deterioration but rather an increase in the financial resources of respondent. The change in the needs of the child were shown to have increased by reason of his enrollment in college but the amount of increase in child support was grossly disproportionate to the change in circumstances attributable to the education expenses. The trial court abused its discretion and misapplied the law in ordering payment by appellant of $4500.00 in added child support.

The question remains as to whether the order increasing monthly child support to $125.00 may stand. Beyond doubt, the trial court had authority to modify the amount of monthly child support if the evidence proved a substantial and continuing change in circumstances which made the prior allowance unreasonable. There was some evidence to this effect, limited as noted above to the unfunded cost of education expenses at the university. Al-

---

1. The award is also subject to the defect that it purports to abate after November, 1989. There is no authority in the court to award child support terminable on the expiration of a fixed period.

though the proportionate increase ordered was significant and appellant's proven income is meager, it is not a function of the appeal for this court to substitute its judgment for that of the trial court in setting the amount of the modification. Under this constraint, we conclude that the modification in child support to $125.00 per month should be affirmed.

In a second point, appellant contends the awarded increase in child support is in error because the amount does not correspond to Missouri Child Support Guidelines as published by the Missouri Child Support Guidelines Task Force and that the amount is beyond his ability to pay. The argument, of course, does not take into account the disposition of the first point which we have resolved in appellant's favor. Apart from this, it suffices to say that the guidelines upon which appellant relies are not conclusive upon any court considering an allowance for child support and a deviation therefrom is not presumptive error.

As to the other arguments appellant makes on the point, the previous discussion in this opinion has fully treated the evidentiary sufficiency of the proof offered in support of the claim for modification of the decree. To the extent of the award increasing the allowance to $125.00 a month, the proof was adequate.

The judgment is reversed and the cause is remanded with directions that a new judgment be entered increasing the allowance to respondent for support of the minor child Ryan to $125.00 per month effective October 5, 1987 with credit against such amount for the sums paid by appellant, if any, under the previous judgment ordering appellant to pay $1500.00 November 2, 1987 and November 2, 1988. Costs are divided equally between appellant and respondent.

All concur.