**Rebecca Jayne CAMPBELL, Appellant,**

v.

**Charles Robert CAMPBELL,
Respondent.**

**No. WD 44104.**

Missouri Court of Appeals,
Western District.

July 16, 1991.

Michael X. Edgett, Clinton, for appellant.

Robert L. Cox, Clinton, for respondent.

Before KENNEDY, P.J., and SHANGLER and ULRICH, JJ.

SHANGLER, Judge.

The mother appeals from an order that modified a decree of dissolution to increase the obligation of the father for child support. She contends that the trial court erred in awarding a level of child support that was less than the amount calculated under Civil Procedure Form No. 14 without entering a finding that the amount so calculated, after consideration of all relevant factors, was unjust or inappropriate.

The parties were married and two children were born to them. The mother filed a petition for legal separation, which was granted, and custody of the children was awarded her. The court ordered the father to pay $175 per month per child for support. The decree of legal separation was then converted into a decree of dissolution of marriage.

On April 12, 1990, the mother filed a motion to modify the decree to increase the child support payments. She claimed that the cost of rearing the children had increased in the two-and-one-half years since the decree of legal separation, and that the promulgation of the child support guidelines by the supreme court in Rule 88.01 constituted a change of circumstance that made the present level of child support to her unreasonable.

The evidence on the motion showed that the gross monthly income of the mother was $1,139.56, and that her net monthly income after taxes was $859.69. She also testified that her total monthly expenses were $1,844.29. The father testified that his annual gross salary was $26,165, and that his net income after taxes was $1,863.75 per month. He also testified that his monthly expenses were $1,788 before the payment of child support.

The court received as an exhibit Civil Procedure Form No. 14, which calculated the presumptive child support amount to be paid by the father. In this case, the completed form indicated the total sum of $511.02 per month for the two children. The trial court nevertheless increased the father's obligation for child support to $220 per child per month, for a total of $440 per month. It was $71.02 less than the $511 per month for two children calculation under Form No. 14. He was also ordered to pay $400 to the mother as an attorney fee.

On this appeal, the mother claims that the trial court erred by ordering a level of child support that was less than the amount calculated under Form No. 14 without entering a written or specific finding

that the amount the form calculated, after considering all relevant factors, was unjust or inappropriate. Her claim rests on the terms of Rule 88.01(e):

. . . . .

There is a rebuttable presumption that the amount of child support calculated pursuant to Civil Procedure Form No. 14 is the amount of child support to be awarded in any judicial or administrative proceeding for dissolution of marriage, legal separation, or child support. It is sufficient in a particular case to rebut the presumption that the amount of child support calculated pursuant to Civil Procedure Form No. 14 is correct if the court or administrative agency enters in the case a written finding or a specific finding on the record that the amount so calculated, after consideration of all relevant factors, is unjust or inappropriate.

The mother argues that Rule 88.01 *requires* the trial court to enter a specific finding that the level of child support calculated in Form No. 14 is unjust or inappropriate, in order to overcome the presumption of the correctness of that calculation. The father argues that the presumption of the correctness of an award of child support calculated under Rule 88.01 is merely procedural, so that the rule only "suggests" such a finding as a "simple manner in which the presumption may be deemed rebutted," but not the only manner. The father argues that the presumption may also be rebutted by the record as in any court-tried case, on the principle that fact issues upon which no specific findings are made are considered to have been found in accordance with the result reached. Rule 73.01(a)(2).

Rule 88.01, although itself a rule of procedure, implements the principles of substantive law that §§ 452.340 and 452.370 enact for the adjudication of child support awards. Section 452.340 governs the adjudication of child support awards in original proceedings, and § 452.370 governs in modification proceedings. Each statute directs that the child support award *shall be determined* in conformity with guidelines established by supreme court rule for the com-

putation of that obligation. § 452.340.7, .8; § 452.370.2.

▮ The proceeding in this case was for modification of the child support decree, and so was governed by § 452.370. A party who has met the burden of proof of changed circumstances, so substantial and continuing as to make the present support decree unreasonable, *shall* have the support "determined in conformity with criteria set forth in supreme court rule 88.01." § 452.370.2. The mother made out a *prima facie* case of change of circumstances by showing that the existing child support award was less, by twenty percent or more, than the guideline given in Rule 88.01. That showing by the wife met her burden of proof on the issue of change of circumstances "so substantial and continuing" as to make the present award unreasonable. § 452.370.1, .2. That element of the modification action conclusively proven, the statute directed that the child support element of the action "*shall* be determined" under Rule 88.01. § 452.370.1 (emphasis added). The effect of subsection 2 of § 452.370 is that a party who has proven changed circumstances, is entitled to a new award of child support calculated according to the criteria of Rule 88.01 and Form 14, unless the court determines by the substantive factors that govern such adjudications that the amount calculated is unjust or inappropriate.

An adjudication of a child support award, whether by the calculus of Form 14 or by the adjudication of a lesser amount, is a substantive matter. It is evident from the statutory sources of Rule 88.01, as well as from the function of adjudicative efficiency the rule addresses, that its terms are mandatory. An adjudication of an amount other than as calculated under Rule 88.01 is ineffective without "a written finding or a specific finding on the record that the amount so calculated, after consideration of all relevant factors, is unjust or inappropriate." That proviso is also mandatory. *See Allen v. Allen*, 811 S.W.2d 58 (Mo.App. E.D.1991.)

The adjudication presented by the record is incomplete. The award is remanded with

directions to the trial court to either enter a finding on the record that the $511.02 support amount calculated under the guidelines of Rule 88.01 is unjust or inappropriate, or to enter an award of $511.02 for the support of the two children.

All concur.