**Orval Arthur KIENINGER, Appellant,**

v.

**Sandra Kay KIENINGER, Respondent.**

**No. 61490.**

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 25, 1992.

---

Richmond A. Payne, K. Scott Fetterhoff, Lichtenegger, Payne & Weiss, Jackson, for appellant.

Richard K. Kuntze, Oliver, Oliver, Waltz & Cook, P.C., Cape Girardeau, for respondent.

REINHARD, Judge.

Custodial father appeals from an order of the trial court denying his motion for a modification of mother's child support obligations pursuant to § 451.370 RSMo Supp. 1991. We reverse and remand.

The parties' marriage was dissolved on November 2, 1988. They have three children: Joanna, born June 4, 1973; Aaron, born May 15, 1978; and Reva, born July 7, 1986. The divorce decree awarded father custody of the children and did not require mother to pay child support. Mother's monthly gross income at the time of divorce was approximately $740.00, father's was $1948.00. On April 10, 1991, father filed a motion to modify the decree pursuant to § 452.370 which alleged that "substantial and continuing" changed circumstances had rendered the child support terms of the original decree unreasonable. The motion cited a "tremendous increase" in the costs of supporting the children due to their increased age and a substantial increase in mother's income since the original decree.

The hearing on the modification motion was held on December 2, 1991. The evidence, which is not disputed,[1] showed that father's total child-related expenses were $765.00 a month, up from $730.00 a month in November 1988. Father's monthly gross income is $2452.33, mother grosses $972.62 a month. Father testified that he was currently working 60 hours a week, down from 70 hours a week in the previous year. He further stated that he did not wish to return to a 70 hour work week. He testified that his income, in a normal month, exceeded his expenses by "just a little" and that he frequently had to borrow money from his parents. Father said that his oldest daughter would be graduating from high school in December, 1991, and she desired to attend nursing school. He added that he did not have the resources to pay for her schooling. Mother did not testify.

---

1. Both parties filled out statements of income and expense which were received as exhibits by the trial court. The statements were not included in the legal file submitted on appeal but father did attach the statements as an addendum to his brief. The information contained in each is restated by the parties in their briefs.

Father filed a Civil Procedure Form 14 (Form 14) which calculated the presumptive child support amount to be paid by mother. The completed form indicated total child care costs of $1094.20. Mother's percentage of the parents' combined monthly gross income was calculated to be approximately 28 percent; application of the Supreme Court Rule 88.01 guidelines revealed a presumptive child support obligation of $306.38.

The trial court denied father's modification request. Its order, set out in relevant part, stated:

> [T]he Court finds that [father] has not shown evidence of changed circumstances so substantial and continuing as to make the terms of the decree of November 10, 1988 unreasonable.
>
> ... The support which would be due from [mother] under the Rule 88 child support guidelines is more than twenty percent greater than the previous award of zero support. However, this does not mean that [father] is not required to prove some other change in circumstances. Such an argument would require modification the day after any judgment for no support.

■ Appellate review of a modification order is limited to determining whether it is supported by substantial evidence, whether it is against the weight of the evidence or whether it erroneously declares or applies the law. *Beeler v. Beeler*, 820 S.W.2d 657, 661 (Mo.App.1991). The burden of proving changed circumstances satisfying the requirements of § 452.370.1 is on the party seeking modification. *In re Marriage of Deane*, 798 S.W.2d 732, 735 (Mo.App.1990). In determining what constitutes a substantial and continuing change of circumstances, the court is to consider all the financial resources of the parties. *Beeler*, 820 S.W.2d at 662. The paramount concern in a modification proceeding is the welfare of the children, not the welfare of the father or mother. *Moore v. Morgan*, 723 S.W.2d 583, 585 (Mo.App.1987).

■ Missouri has adopted specific child support guidelines. If the current support deviates from the support described by the guidelines by twenty percent or more, a prima facie case of a substantial and continuing change in circumstances has been established. *Beeler*, 820 S.W.2d at 662; § 452.370.1, RSMo Supp.1990. Once it is determined that there has been a substantial and continuing change in circumstances because of the failure to meet the support guidelines, the trial court is required to order the payment according to the guidelines, or to enter an order finding that the amount so calculated is unjust or inappropriate. *See* § 452.370.2; Rule 88.01(e). *Also see Campbell v. Campbell*, 811 S.W.2d 504 (Mo.App.1991); *In re Marriage of Waggoner*, 818 S.W.2d 735 (Mo.App. 1991).

■ Father's primary point on appeal is:

The trial court erred in failing to order respondent to pay child support pursuant to appellant's motion to modify child support in that appellant met his burden showing a substantial change in circumstances pursuant to § 452.30.1 MO Rev Stat 1986, Supp.1991, which requires only a showing that "If the application of the guidelines and criteria set forth in Supreme Court Rule 88.01 to the financial circumstances of the parties would result in a change of child support from the existing amount by twenty percent or more, then a prima facie showing has been made of a change in circumstances so substantial and continuing as to make the present terms unreasonable" and because once a prima facie showing is made no other change in circumstances is required if a 20% change in the amount of child support to be ordered is shown.

The father made a prima facie case of change of circumstances "so substantial and continuing" as to make the present award unreasonable, Section 452.371.1, .2, by showing that application of the Rule 88.01 guidelines to the present circumstances would result in a change of child support from the existing amount (which is zero) by twenty percent or more. Thus the court erred in finding that the father had not shown such evidence. The court in *Campbell v. Campbell*, 811 S.W.2d 504 (Mo.App.1991) recently held that:

A party who has met the burden of proof of changed circumstances, so substantial and continuing as to make the present support unreasonable *shall* have the support "determined in conformity with the criteria set forth in supreme court rule 88.01." § 452.370.2. The mother made out a *prima facie* case of change of circumstances by showing that the existing child support award was less, by twenty percent or more, than the guideline given in Rule 88.01. That showing by the wife met her burden of proof on the issue of change of circumstances "so substantial and continuing" as to make the present award unreasonable. § 452.-371.1, .2. That element of the modification action ... proven, the statute directed that the child support element of the action "*shall* be determined" under Rule 88.01. § 452.370.1 [sic] (emphasis added). The effect of subsection 2 of § 452.-370 is that a party who has proven changed circumstances, is entitled to a new award of child support calculated according to the criteria of Rule 88.01 and Form 14, unless the court determines by the substantive factors that govern such adjudications that the amount calculated is unjust or inappropriate.

An adjudication of a child support award, whether by the calculus of Form 14 or by the adjudication of a lesser amount, is a substantive matter. It is evident from the statutory sources of Rule 88.01, as well as from the function of adjudicative efficiency the rule addresses, that its terms are mandatory. An adjudication of an amount other than as calculated under Rule 88.01 is ineffective without "a written finding or a specific finding on the record that the amount so calculated, after consideration of all relevant factors, is unjust or inappropriate." That proviso is also mandatory. *See Allen v. Allen*, 811 S.W.2d 58 (Mo.App.E.D.1991).

*Id.* at 506 (emphasis in original).

■■■ We find the trial court erred when it found that father had not shown evidence of *substantial and continuing* changed circumstances, and accordingly, erred in not applying Rule 88.01. Mother correctly argues that the presumption that the award should be in the amount calculated under the guidelines is rebuttable. She further claims that the record reveals that the presumption has been rebutted and that the trial court's decision should therefore be affirmed. Mother's argument that the record alone justifies an affirmance is the same argument advanced by the father in *Campbell*, who argued that when the record supports the ruling in a court-tried case and no findings were made, the appellate court should consider the facts to have been found in accordance with the result reached. Rule 73.01(a)(2). The *Campbell* court rejected this argument when it held, in the previously quoted passage, that the terms of Rule 88.01 are mandatory and an adjudication of an amount other than that suggested under its guidelines is ineffective without written or specific findings on the record. *Id.*

The trial court's error in finding that the father had not made a sufficient showing of substantial and continuing changed circumstances, and further error in not applying the Rule 88.01 guidelines requires a remand of this case. Accordingly, the cause is thus remanded to the trial court to amend the decree to reflect child support as calculated by the guidelines of Rule 88.01, or in the alternative, to award a differing amount, or none, if appropriate, in which case the court should make a specific finding that after consideration of all relevant factors the amount calculated under the guidelines is unjust or inappropriate.

The judgment is reversed and remanded.

AHRENS, P.J., and CRIST, J., concur.