Kristie TUNING (now Hall),
Petitioner–Appellant,

v.

David TUNING, Respondent–Respondent.

No. 17962.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 14, 1992.

Rehearing Denied Nov. 5, 1992.

Verna Lee Haun, Douglas, Lynch, Munton & Haun, P.C., Bolivar, for petitioner-appellant.

Mel L. Gilbert, Buffalo, for respondent-respondent.

MAUS, Judge.

Kristie Tuning (now Hall) (Petitioner), as custodial parent of her 18 year-old son, Kevin Tuning, filed a motion to modify child support awarded to her by the decree dissolving her marriage to David Tuning (Respondent). She seeks increased child support and contribution toward college expenses. Petitioner filed Form 14 showing presumed child support to be $434.56 per month. Respondent did not file Form 14. There were conflicting contentions concerning the proper amounts to be used in completing Form 14. The trial court made no determination of the proper amounts. It made no finding "that the application of the guidelines would be unjust or inappropriate." Section 452.340.8.[1] Nonetheless, the trial court increased child support from $75.00 to $200.00 per month. Petitioner appeals.

The evidence established the parties' marriage was dissolved on October 6, 1975. Petitioner was awarded custody of the only child of the marriage, Kevin Tuning, born October 13, 1973. She was awarded child support of $75.00 per month.

Since that dissolution, each party has remarried. Petitioner, Kevin, Petitioner's child from another marriage, and her present husband, Donald Hall, constitute one household. Petitioner receives child support for both Kevin and the other child. Donald Hall pays child support for a child of his previous marriage.

Respondent, his present wife, Donna Tuning, and her child from a previous marriage, constitute the second household. Respondent has two children, including Kevin, for whom he pays child support.

At the time of trial, Kevin Tuning was 18 years of age. He was a senior at Buffalo High School. He planned to go to the University of Missouri at Columbia. He wanted to go there because he intends to be a pediatrician and he and Petitioner

---

1. All statutory references are to RSMo Cum. Supp.1991.

were told that 95% of those who graduate as underclassmen from that University, are admitted to medical school there. Petitioner testified that the cost of tuition and room and board would be $5,800.00 per year.

Each party filed an Income and Expense Statement. Only Petitioner filed a completed Form 14. That form showed presumed child support to be $434.56. Respondent contends the amounts used to calculate presumed child support by Petitioner's completed Form 14 are not factually or legally correct.

After both parties had rested, the trial court said:

"I wonder if you worked up these presumed child support guideline amounts and used the total monthly gross of the Hall family and Tuning family and factored in three children what you'd come up with."

A recess was taken and, using Petitioner's Form 14 as a starting place, and considering that each family supported three children, presumed child support was determined to be $167.70 per month, per child. It was understood neither party agreed that this experimental calculation was correct. Petitioner expressly stated, "[w]e do not agree with how it was calculated".

The trial court announced for the record that it found a change of circumstances. It also found, "I think with regard to a college education, at this point it's—it would seem to be speculative. And I think we'd be shooting in the dark to try to come up with something right now." The trial court modified the award of child support to $200.00 per month. There is no finding on the record that the trial court determined the presumed child support to be unjust or inappropriate. The formal decree does not include such a finding. Nor was there a finding on the record or in the decree concerning the amounts factually and legally proper to be used in completing Form 14.

The experimental calculation of presumed child support on the basis of combined income of the parents of each of the two families with three children each, presents many legal as well as factual issues. For example, are the combined incomes of the parent and stepparent properly used; is the obligation of support of step-children properly considered; and how should funds received as child support be considered? As stated, there were no findings of the proper amounts to be used in calculation of presumed child support by the use of Form 14.

Section 452.340.7 directed that by October 13, 1989, the Supreme Court have in effect a rule establishing guidelines for determining any award of child support. Section 452.340.8 established a rebuttable presumption that the amount of child support calculated by use of the guidelines to be promulgated is the correct amount of child support to be awarded. "A written finding or specific finding on the record that the application of the guidelines would be unjust or inappropriate" is sufficient to rebut the presumption. Section 452.340.8. In response to § 452.340.7, the Supreme Court adopted Rule 88.01 which incorporates Form 14.

Section 452.370 gives additional directions concerning the use of the guidelines in modification proceedings. Those directions include the following:

"1. ... If the application of the guidelines and criteria set forth in supreme court rule 88.01 to the financial circumstances of the parties would result in a change of child support from the existing amount by twenty percent or more, then a prima facie showing has been made of a change of circumstances so substantial and continuing as to make the present terms unreasonable.

2. When the party seeking modification has met the burden of proof set forth in subsection 1 of this section, then the child support shall be determined in conformity with criteria set forth in supreme court rule 88.01."

From these directions, it would seem clear how Form 14 is to be used in calculating child support. Nonetheless, all too often those directions are not followed. It is unequivocally established that in any pro-

ceeding the use of Form 14 in calculating presumed child support is mandatory. *Ibrahim v. Ibrahim,* 825 S.W.2d 391 (Mo. App.1992); *Campbell v. Campbell,* 811 S.W.2d 504 (Mo.App.1991); *K.R.W. by A.C.S. v. D.B.W.,* 830 S.W.2d 38 (Mo.App. 1992).

The first direction is found in Form 14. "The custodial and noncustodial parent shall calculate the presumed child support amount by completing the worksheet as follows: ..." Form 14—Directions for Use. If the parties agree upon the amounts to be used in completing Form 14, only one form need be submitted. The trial court shall then consider all relevant factors. *Harding v. Harding,* 826 S.W.2d 404 (Mo.App.1992). If, as a result it finds the presumed child support amount to be "unjust or inappropriate", it must make a written finding or specific finding on the record to that effect. If it does not make such a written finding or specific finding, the trial court must award the presumed child support. *Campbell v. Campbell,* supra; *Sinclair v. Sinclair,* 837 S.W.2d 355 (Mo.App.1992).

If the parties do not agree upon the factually and legally proper amounts to be used to complete Form 14, then each party should submit a completed Form 14 embodying his or her contention of the factually and legally correct amounts. This will frame the factual and legal issues. The trial court must then determine those issues and calculate presumed child support in the manner provided by Form 14. *Harding v. Harding,* supra; *Michel v. Michel,* 834 S.W.2d 773 (Mo.App.1992). The trial court shall then consider all relevant factors. *Harding v. Harding,* supra. If, as a result it finds the presumed child support amount to be "unjust or inappropriate", it must make a written finding or specific finding on the record to that effect. If it does not make such a written finding or specific finding, the trial court must award the presumed child support. *Campbell v. Campbell,* supra; *Sinclair v. Sinclair,* supra, 837 S.W.2d at 358–59.

It is obvious in this case the mandatory directions of §§ 452.340 and 452.370 and Rule 88.01 were not followed. The case must be remanded.

For guidance, the parties are directed to that portion of Form 14 which provides: "(B) Special needs. Educational expenses such as college, private schools, and tutoring are not factored into the attached schedule." Form 14—Comment. Whether or not the advice given Petitioner that 95% of the undergraduates of the University of Missouri at Columbia are admitted to medical school is credible, is not a basis to deny consideration of Kevin's college expenses. Consideration of a child's college expenses need not wait until he has entered college. In fact, there may be circumstances where, unless those expenses are considered in advance, the child could not attend college. An increase in child support for such future expenses can be made effective at a future date and contingent upon the child's entry into college. *Echele v. Echele,* 782 S.W.2d 430 (Mo.App.1989).

The judgment of the trial court is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

MONTGOMERY, P.J., and PREWITT, J., concur.