**Regina Katherine (Gilliam) BELL, Petitioner–Appellant,**

v.

**Clarence GILLIAM, Respondent–Respondent.**

No. 18131.

Missouri Court of Appeals,
Southern District,
Division Two.

May 6, 1993.

W.H. Winchester, III, Stephanie M. Gleason, Drumm, Winchester & Gleason, Sikeston, for petitioner-appellant.

James M. McClellan, Dempster, Barkett, McClellan & Edwards, Sikeston, for respondent-respondent.

GARRISON, Judge.

Appellant (Wife) appeals from the trial court's modification of a child support award. The original decree dissolving the marriage was entered on February 24, 1987 and included an order that respondent (Husband) pay child support of $150 per week for the one minor child born of the marriage.

Husband filed an earlier motion to modify which was denied by the trial court in December 1990. The legal file furnished with this appeal does not include a copy of the order or indicate any findings made by the court in denying that request for modification.

On July 31, 1991, Husband filed another motion to modify directed to the child support award. The matter was heard by the trial court on October 16, 1991. On March 26, 1992, the trial court entered a decree by which it reduced the child support award from $150 per week to $120 per week. The decree was later amended in ways which are not pertinent to this opinion. Wife alleges the trial court erred in entering the modification.

The standard for review of this matter is consistent with other court-tried cases. Therefore, the decision of the trial court is to be affirmed unless it is not supported by substantial evidence, is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *Laws v. Laws*, 796 S.W.2d 439, 440 (Mo.App.1990); *Wiebusch v. Deke*, 762 S.W.2d 521, 524 (Mo.App.1988). The party who is challeng-

ing the decree bears the burden of demonstrating error. *Ibrahim v. Ibrahim*, 825 S.W.2d 391, 393 (Mo.App.1992).

Wife's sole point on this appeal is, for purposes of clarity, set out verbatim:

The trial court erred in granting respondent's motion to modify as to child support reducing the child support obligation because the burden is upon the movant to show a change in circumstances that have occured [sic] since the decree of dissolution so substantial and continuing in nature as to render the terms of the original decree unreasonable which the respondent failed to do:

(A) Respondent's injury at work and resulting approximately three months off from work did not establish a substantial and continuing change in circumstances when respondent returned to work earning as much, if not more, gross income;

(B) Respondent's remarriage and voluntary assumption of support of three stepchildren are irrelevant when examining child support;

(C) The enabling statute establishing child support guidelines empowers the trial court with wide discretion in the utilization and application of said guidelines;

(D) Respondent's burden is even greater when there is a short period of time since the last order on support requiring a showing of extraordinary change in circumstances so substantial and continuing in nature.

Our discussion of paragraphs (C) and (D) of the point is determinative of this appeal.

■ Husband responds with the argument that the child support award complied with the guidelines of Supreme Court Rule 88.01 [1] and that the issue of child support was not preserved for appellate review because Wife did not include a Form 14 in the legal file which was filed with this court. This refers to Civil Procedure Form No. 14 which is required and which provides a method of calculating the amount of child support presumed by Rule 88.01 to be cor-

rect. In support, Husband cites the case of *Ibrahim v. Ibrahim, supra.* In that case the court found that a party who wishes to challenge a child support award on the basis that it does not conform to the requirements of Rule 88.01 must show that Civil Procedure Form No. 14 was filed in the trial court and it should be included in the legal file on appeal. We do not agree that, under the circumstances of the instant case, this failure is determinative of this appeal. Here, Wife's challenge to the child support award is not on the basis that it fails to, but should, conform to the child support guidelines calculated pursuant to Civil Procedure Form No. 14 and presumed correct by Rule 88.01. Rather, her complaint is that Husband failed to satisfy his burden to show a substantial and continuing change of circumstances so as to authorize the modification. Therefore, the instant case is distinguishable from *Ibrahim*, and the issue here is not controlled by it.

■ Wife's argument is that Husband, who had the burden of proof, failed to show a change of circumstances so substantial and continuing as to justify modification. Section 452.370 [2] governs modification of child support awards. It provides, in part:

1. ... [T]he provisions of any decree respecting maintenance or support may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable. In a proceeding for modification of any child support award, the court, in determining whether or not a substantial change in circumstances has occurred, shall consider all financial resources of both parties, including the extent to which the reasonable expenses of either party are, or should be, shared by a spouse or other person with whom he or she cohabits, and the earning capacity of a party who is not employed.

Wife's argument, however, ignores other provisions of § 452.370 which immediately follow that quoted above. Those additional provisions are:

**1.** All references to rules are to Missouri Rules of Court, V.A.M.R.

**2.** All references to statutes are to RSMo 1986, V.A.M.S.

If the application of the guidelines and criteria set forth in supreme court rule 88.01 to the financial circumstances of the parties would result in a change of child support from the existing amount by twenty percent or more, then a prima facie showing has been made of a change of circumstances so substantial and continuing as to make the present terms unreasonable.

2. When the party seeking modification has met the burden of proof set forth in subsection 1 of this section, then the child support shall be determined in conformity with criteria set forth in supreme court rule 88.01.

■ In the instant case, Husband's evidence of income, which he contends should be attributable to each of the parties in calculating the child support under the Rule 88.01 guidelines, would have resulted in a reduction of the amount to be paid by Husband of more than twenty percent.[3] Therefore, under § 452.370, Husband met his burden to make a prima facie showing of a change of circumstances so substantial and continuing as to make the existing child support order unreasonable. *Kieninger v. Kieninger,* 836 S.W.2d 515, 518 (Mo.App.1992). Once Husband made this prima facie showing of change of circumstances, he was entitled to a new award calculated according to Rule 88.01 and Form No. 14 unless the court determined, after considering relevant factors, that the amount was unjust or inappropriate. *Campbell v. Campbell,* 811 S.W.2d 504, 506 (Mo.App.1991). The evidence was, therefore, sufficient in the instant case to have permitted the trial court to find a change of circumstances which would authorize it to modify the child support award. The question becomes, however, whether the trial court made adequate findings to support the modified award which it entered.

■ Rule 88.01 provides, in pertinent part:

... There is a rebuttable presumption that the amount of child support calculated pursuant to Civil Procedure Form No. 14 is the amount of child support to be awarded in any judicial or administrative proceeding for dissolution of marriage, legal separation, or child support. It is sufficient in a particular case to rebut the presumption that the amount of child support calculated pursuant to Civil Procedure Form No. 14 is correct if the court or administrative agency enters in the case a written finding or a specific finding on the record that the amount so calculated, after consideration of all relevant factors, is unjust or inappropriate.

■ Wife acknowledges that the child support guidelines under Rule 88.01 are mandatory but argues that the trial court has wide discretion in applying them. She cites *Rothfuss v. Whalen,* 812 S.W.2d 232 (Mo.App.1991), and *In re Marriage of Zavadil,* 806 S.W.2d 506 (Mo.App.1991), for the proposition that the child support guidelines should not be automatically or rigidly applied, but rather the trial court still retains discretion in setting the amount of child support. We do not disagree with that principle. Its application in the instant case by Wife, however, ignores the fact that Rule 88.01 itself permits the exercise of discretion in setting the amount of child support but mandates the procedure for doing so. The trial court is permitted by the rule to depart from application of the child support guidelines and exercise its discretion if it also makes "a written finding or a specific finding on the record that the amount so calculated, after consideration of all relevant factors, is unjust or inappropriate." *See Campbell v. Campbell,* 811 S.W.2d at 506; and *Beeman v. Beeman,* 816 S.W.2d 15, 17 (Mo.App.1991).

■ It has been held that this requirement applies to cases involving modification of decrees. Once a substantial and continuing change of circumstances is shown under § 452.370, the provisions of Rule 88.01 become mandatory. The court is then required to either order the payment of child support calculated pursuant

---

**3.** Wife raises no issue that the legal file contains no indication that Husband filed a Form No. 14 with the trial court. We, likewise, do not address that issue.

to Form No. 14, or it must make a finding that the amount so calculated would be unjust or inappropriate after considering all relevant factors. *Kieninger v. Kieninger*, 836 S.W.2d at 518; *Campbell v. Campbell*, 811 S.W.2d at 506.

■ A child support award is ineffective if it constitutes a departure from the amount calculated by the procedures found in Form No. 14 without there also being a specific finding, after consideration of all relevant factors, that the amount so calculated would be unjust or inappropriate. *Beeman v. Beeman*, 816 S.W.2d at 17.

The modification decree from which Wife appeals in the instant case does not set forth the factual findings upon which the award is based. Likewise, it does not make a finding that, after consideration of all relevant factors, application of the Rule 88.01 guidelines would be unjust or inappropriate. Its findings are, in pertinent part:

4. That since the rendition of the decree in this cause, there has been a change in the circumstances of the parties considering the respective incomes of both parties as set forth in the Presumed Child Support Guidelines under Supreme Court Rule 88.01 and said change in circumstances is so substantial and continuing as to make the terms of the original Decree with respect to child support unreasonable.

. . . .

IT IS ORDERED, ADJUDGED AND DECREED by the Court that Respondent shall pay to the Petitioner in accordance with Supreme Court Rule 88.01, as support for the minor child ... the sum of $120.00 per week....

It is necessary that the record on appeal permit a determination of the decisions made by the trial court regarding the calculations required under Form No. 14. *Umphenour v. Umphenour*, 831 S.W.2d 764, 767 (Mo.App.1992). Neither this decree nor the record discloses whether the child support of $120 per week complies with the child support guidelines calculated pursuant to Rule 88.01 and Form No. 14 or whether it is some other figure arrived at

by application of the trial court's discretion. If it is the former, the record does not disclose the trial court's findings of the amounts of income attributable to the parties which were used to calculate the applicable child support under the guidelines. If it is the latter, the record does not contain a finding that, after consideration of all relevant factors, the amount calculated under Rule 88.01 was "unjust or inappropriate." In short, we are unable to determine how the trial court arrived at the amount of child support ordered and whether the guidelines were followed and applied.

It is true that generally in court-tried cases when no findings of fact are made and the record supports the ruling, the appellate court considers the facts to have been found in accordance with the result reached. Rule 73.01(a)(2). This rule has not always been applied, however, in modification actions because of the requirements of Rule 88.01 that either the child support be ordered in the amount calculated by the procedures found in Form No. 14 or the trial court find that amount is unjust or inappropriate. *Kieninger v. Kieninger*, 836 S.W.2d at 518; *Campbell v. Campbell*, 811 S.W.2d at 506.

In *Tuning v. Tuning*, 841 S.W.2d 264 (Mo.App.1992), this court determined it was necessary to reverse and remand a modification action where the trial court made no determination of the proper amounts to be used in making the Form No. 14 calculations and also made no finding that application of the guidelines would be unjust or inappropriate. The same result should apply here.

We find that the trial court erred in not making findings from which we can determine whether the modified child support award was arrived at by applying the child support guidelines under Rule 88.01, together with its findings concerning the amounts which should be used to make the Form No. 14 calculations. If the child support guidelines under Rule 88.01 were not applied, the trial court erred in failing to make a specific finding that the guidelines, after consideration of all relevant factors,

would be unjust or inappropriate. Accordingly, we reverse and remand this cause to the trial court to make such findings consistent with this opinion. In doing so, the trial court may take such additional evidence on the issues as it deems necessary.

MONTGOMERY, P.J., and PREWITT, J., concur.