Tara Kay (Francis) GLENN,
Plaintiff–Appellant,

v.

Ricky Eugene FRANCIS, Defendant–
Respondent.

No. 18519.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 10, 1993.

David G. Neal, Eminence, for plaintiff-appellant.

Craig A. Smith, Daniel, Clampett, Lilley, Dalton, Powell & Cunningham, Springfield, for defendant-respondent.

PARRISH, Chief Judge.

This is an appeal from an order modifying a decree of dissolution of marriage. The trial court ordered the amount of child support paid by Ricky Eugene Francis (father) increased from $150 per month ($75 per month per child for the two children of the parties) to $250 per month ($125 per month per child) effective June 1, 1992; allowed father to claim an exemption for one of the children for income tax purposes; awarded joint legal custody to the parties; and ordered father to pay $200 toward the attorney fees of Tara Kay Glenn (mother). Mother appeals. This court affirms in part, reverses in part and remands.

On April 4, 1991, mother filed a motion to modify the decree of dissolution of marriage that had been entered June 6, 1986. One of the change of circumstances she alleged was that the amount of child support calculated in accordance with Rule 88.01 "would result in a change of the child support from the existing amount by an increase of more than 20%." Mother asserted that § 452.370.1 [1] therefore warranted that the child support be increased. She requested that father be required to provide transportation for the children for purposes of his visitation with them; that he be ordered to provide medical insurance for the children and to pay any part of their medical expenses not covered by insurance; and that he pay their dental and optical expenses. She requested that father be ordered to pay her attorney fees.

Father filed an answer to mother's motion to modify, together with a separate motion denominated "Counter Motion To Modify." Father alleged that "substantial and continuing changes in the circumstances of the parties and the minor children" had occurred since the decree was entered. He made various factual allegations not material to this appeal. He asked that the decree be modified to award him custody of the children and order mother to pay child support. He requested the court to order mother to pay his attorney fees.

Mother testified in her own behalf. Her attorney presented a request for payment of her attorney fees. She called no other witness. She offered as exhibits copies of father's income tax returns for 1988, 1989 and 1990 (Movant's Exhibit No. 1), a completed Child Support Form 14 (Movant's Exhibit No. 2), a summary of father's income (Movant's Exhibit No. 3) and a statement of attorney fees (Movant's Exhibit No. 4).

Mother presented no evidence regarding the financial needs of the children. She testified that the children were ages 10 and 7. She complained that father had not paid medical expenses that the terms of the decree directed him to pay. She testified as to her current income and, in response to questions asked by her attorney, advised the court that her request for an increase in child support was based on her present income and that of her former spouse.

Mother's first point on appeal contends the trial court erred in awarding child support in the amount of $250 per month "because even though the judge said it was based upon the support guidelines he failed to attach his Form 14." She argues that the award of child support should be reversed because it misapplies the law in that the trial judge "did not indicate how he arrived at that figure, nor did he indicate he intended to deviate from the support guidelines and if he did he failed to specify his justifications for doing so."

Section 452.370 provides:

1. Except as otherwise provided in subsection 6 of section 452.325,[RSMo 1986][2]

---

1. References to statutes are to RSMo Supp.1990 unless otherwise stated.

2. § 452.325.6, RSMo 1986, permits the terms of a decree in a dissolution of marriage case to preclude or limit modification, except as to its

the provisions of any decree respecting maintenance or support may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable. In a proceeding for modification of any child support award, the court, in determining whether or not a substantial change in circumstances has occurred, shall consider all financial resources of both parties, including the extent to which the reasonable expenses of either party are, or should be, shared by a spouse or other person with whom he or she cohabits, and the earning capacity of a party who is not employed. If the application of the guidelines and criteria set forth in supreme court rule 88.01 to the financial circumstances of the parties would result in a change of child support from the existing amount by twenty percent or more, then a prima facie showing has been made of a change of circumstances so substantial and continuing as to make the present terms unreasonable.

2. When the party seeking modification has met the burden of proof set forth in subsection 1 of this section, then the child support shall be determined in conformity with criteria set forth in supreme court rule 88.01.

.    .    .    .    .

Rule 88.01 states:

When determining the amount of child support to order, a court or administrative agency shall consider all relevant factors, including:

(a) the financial resources and needs of the child;

(b) the financial resources and needs of the parents;

(c) the standard of living the child would have enjoyed had the marriage not been dissolved;

(d) the physical and emotional condition of the child; and

(e) the educational needs of the child. There is a rebuttable presumption that the amount of child support calculated pursuant to Civil Procedure Form No. 14[3] is the amount of child support to be awarded in any judicial or administrative proceeding for dissolution of marriage, legal separation, or child support. It is sufficient in a particular case to rebut the presumption that the amount of child support calculated pursuant to Civil Procedure Form No. 14 is correct if the court or administrative agency enters in the case a written finding or a specific finding on the record that the amount so calculated, after consideration of all relevant factors, is unjust or inappropriate.

■ Before addressing mother's first point, it is necessary to consider a contention raised in father's brief. He asserts that although mother submitted a Form 14 to the trial court, it was not admitted into evidence and "was therefore not part of the trial court's record." Mother's Form 14 was marked Movant's Exhibit No. 2 and offered, without objection, into evidence. Movant's Exhibit No. 3, a summary of father's income as gleaned from copies of his income tax returns, was also offered into evidence and objected to by father. After discussion between the attorneys and the trial court, Movant's Exhibit No. 3, the summary of income, was admitted into evidence. The trial court made no announcement regarding the admission of Movant's Exhibit No. 2, mother's Form 14.

■ Father, relying on *Hackmann v. Hackmann*, 847 S.W.2d 193 (Mo.App.1993), and *Ibrahim v. Ibrahim*, 825 S.W.2d 391 (Mo.App.1992),[4] asserts that since mother's

terms with respect to support, custody or visitation of children, "if the separation agreement so provides." It is not applicable to the issues presented by this appeal.

3. Civil Procedure Form 14 is a worksheet, with directions for its use and with a schedule of child support amounts, used to calculate the presumed child support amount to which Rule 88.01 refers. Form 14 was adopted October 2, 1989, effective

April 1, 1990, the same dates when Rule 88.01 was adopted and became effective.

4. *Ibrahim* was a dissolution action in which there were child support and custody issues. This court held that an appellant must have filed a completed Form 14 with the trial court in order to be permitted to seek appellate review of the amount of child support awarded, reasoning that to permit a party who did not file a Form 14

Form 14 was not admitted in evidence, she did not meet the requirement of providing the trial court with the calculations of the presumed amount of child support per Rule 88.01 and cannot now request appellate review of alleged trial error on the issue of the amount of child support.[5] "Once marked and used, an exhibit is in evidence as though it had been formally introduced." *Brotherton v. Burlington Northern R.R.*, 672 S.W.2d 133, 138 (Mo.App.1984). The facts relative to Movant's Exhibit No. 2 go beyond marking and using the exhibit. The exhibit was offered into evidence but the trial court, apparently inadvertently, failed to formally admit the exhibit into evidence. The exhibit was properly before the trial court. Wife is not precluded from challenging the amount of child support that was awarded.

■ In support of her first point on appeal, mother argues that a trial court awarding child support must file a completed Form 14 that depicts the calculation of the amount awarded. Neither Rule 88.01 nor cases that have interpreted it make that requirement.

The record on appeal must demonstrate the basis for the calculation via Form 14. One way of demonstrating the method used to determine the amount of child support awarded would be for the trial court to provide a completed Form 14 that sets forth the amount awarded. "Where the trial court performs it[s] own child support calculations, it would be helpful for the trial court to complete Form No. 14 and include it in the record." *Mocciola v. Mocciola*, 834 S.W.2d 872, 873 (Mo.App.1992). However, as was

explained in *Umphenour v. Umphenour*, 831 S.W.2d 764 (Mo.App.1992):

> Regardless of the form of the court's order of child support, there must be evidence in the record to support the order, consistent with Form 14. . . .
>
> For review on appeal, the decisions of the trial court, in regard to the calculations required under Form 14, must be able to be determined from the record.

*Id.* at 767.

To the extent that mother's first point asserts the trial court committed error by not attaching a completed copy of a Form 14 to the decree, order or other correspondence related to the increased amount of child support that the trial court ordered, the point is denied.

■ Mother's first point complains, separate from her contention that there was trial court error in not providing a Form 14 completed by the court, that the record does not reflect how the child support award was determined. Father argues, however, that the record on appeal discloses compliance with the requirements of the Rule 88.01 guidelines. He points to the part of the trial court's docket entry dated July 14, 1992, that states, "[T]he Court increases the amount of support owed by [father] to [mother] to $250.00 per month ($125 per child per month), which is the amount calculated by the Court pursuant to the child support guidelines." He claims that testimony the trial court heard affords a basis for finding that the amount awarded as child support

with the trial court (as required by that form's Directions for Use) to appeal the amount of child support awarded was "akin to pursuing a different theory for recovery on appeal than was pursued at trial." 825 S.W.2d at 398. *Hackmann* was an appeal from a modification in which the amount of child support was increased. The record on appeal did not include a completed Form 14 from either party. Following the reasoning in *Ibrahim*, the court found that the appellant's claims directed to the increase in the amount of child support were barred because he had not filed a completed Form 14. 847 S.W.2d at 194.

5. Neither *Ibrahim* nor *Hackmann* held that the completed Form 14 had to be admitted into evidence in order to be part of the trial record.

Arguably, filing the completed worksheet with the clerk would suffice to make it a part of the trial record just as filing a pleading makes the pleading a part of the trial record. In *Ibrahim* this court suggested, "On appeal, a party who wishes to challenge the child support award on the basis that it does not conform to the requirements of Rule 88.01 may include in the legal file copies of Civil Procedure Form No. 14 that were before the trial court." 825 S.W.2d at 398. Unlike a schedule of income and expense prepared for use as substantive evidence, *see Ramsdell v. Ramsdell*, 758 S.W.2d 202, 204 (Mo.App.1988), parties complete copies of Form 14 to assist the court in evaluating substantive evidence otherwise adduced.

was consistent with the required guidelines. His explanation includes:[6]

a) "Form No. 14 first requires the trial court to determine the monthly gross income of the custodial and non-custodial parents, and calculate the combined income of the two. [Mother] testified that she earned '$446 something every two weeks.' Her monthly income is therefore approximately $892.00. [Father's] Form No. 14 ... established his monthly gross income as $753.00. Although there was a dispute at trial as to what [father's] monthly gross income was, the court demonstrated an interest in hearing evidence as to how his figures were calculated."

b) "Neither party claimed that they were entitled to adjustments under lines 2a or 2b [of Form 14]. The adjusted gross income figures (line 3) are thus the same as those of line 1, or $1,645.00."

c) "Line 4a [of Form 14], child support obligation, is derived from the schedule following Form No. 14,.... For two children, with combined adjusted gross income of $1600.00, the basic child support obligation is $422.00. The support obligation for combined income of $1700.00 is $440.00." Husband then suggests, "[F]or a combined monthly adjusted gross income of $1,645.00, the appropriate basic support obligation is $431.00."

d) "The comments preceding the schedule note that health insurance coverage for the children should be considered. [Mother] testified that health insurance premiums were deducted from her wages in the amount of $65.50 every two weeks, or $131.00 a month. While there is no place on Form No. 14 for health insurance costs, [mother] did seek to include an amount for health insurance on her Form No. 14. Giving [mother] the benefit of the doubt, that amount has been included under line 4(b) of these calculations for argument purposes."

e) "The total combined child support costs (line 5) based upon the evidence would therefore be $431.00 plus $131.00, or a total of $562.00."

f) "Calculation of the proportionate shares of combined income (line 6 of Form No. 14) result in 54.22% on [mother's] part, and 45.78% on [father's] part."

From the foregoing, father concludes that the child support obligation of each parent was determined by multiplying the percentages by the total combined child support of $562.00; that mother's obligation is $304.72 and father's is $257.28. He acknowledges, however, that this is "$7.28 more than the court's judgment" of $250.00 per month. In his brief, he summarizes the calculations "in worksheet form" as follows:

| | | [Mother] | [Father] | Combined |
|---|---|---|---|---|
| 1. | Monthly gross income: | $892.00 | $753.00 | $1,645.00 |
| 2. | [Adjustments] | – | – | – |
| 3. | Adjusted gross income: | $892.00 | $753.00 | $1,645.00 |
| 4. | a.   Child Support obligation | | | 431.00 |
| | b.   Health Insurance costs | | | 131.00 |
| 5. | Combined child support costs | | | $ 562.00 |
| 6. | Proportionate shares of combined income | 54.22% | 45.78% | |
| 7. | Each parent's child support obligation | $304.72 | $257.28 | |
| 8. | Presumed child support amount | | $257.28 | |

Father surmises:

It is likely that the trial court used the figure of $422.00 as the presumed child support obligation from the schedule rather than the extrapolated figure employed in these calculations. If the $422.00 figure

**6.** References to transcript page number are deleted from the material quoted from father's brief.

is substituted for $431.00, the presumed child support amount becomes $253.16 ($553.00 × 45.78%). Neither calculation is substantially different from the trial court's award.

He points to *Behnke v. Behnke*, 829 S.W.2d 45 (Mo.App.1992), "for a discussion of minor deviations from the presumed child support guideline amounts" apparently suggesting that this court should affirm the trial court's award notwithstanding that the record on appeal does not reflect precise compliance with Rule 88.01. In *Behnke*, the court acknowledged:

> We are uncertain whether the supreme court intended that even trivial deviations from the guidelines require adjustment. It would seem to us that at some point they do not. *But see Campbell v. Campbell*, 811 S.W.2d 504 (Mo.App.1991).

*Id.* at 46 n. 4. Nevertheless, in *Behnke*, after finding the amount of child support that should have been awarded was $686.60 per month rather than $716.80 that the trial court awarded, the court modified the child support accordingly and affirmed the decree as modified.[7] *Id.* at 46.

A myriad of concerns are presented in the review of this point. Mother's case is premised, in its entirety, on the existence of Rule 88.01. The only evidence she offered, other than the amount of attorney fees she anticipated and the ages of the children, related to the respective incomes of the parties. She testified as to the amount of her income and offered copies of father's income tax returns into evidence. She presented no evidence regarding the financial or other needs of the children.

Father, likewise, failed to pursue the question of the children's needs and their welfare. Each party submitted a completed Form 14 for the use of the trial court. However, father neglected to include in the income figures he used on his completed Form 14 income that he received from an office cleaning business he operated. The income figures that father's appellate counsel[8] used in calculating an amount of child support that would be substantially consistent with the $250 per month that the trial court awarded did not include any income attributable to father's office cleaning business. This court is not persuaded that the record before it supports father's assertion that the trial court used the income figures that father now urges this court to accept for purposes of affirming the trial court's award of child support.

There have been a plethora of cases decided since Rule 88.01 was adopted that explain procedures for determining child support in dissolution of marriage cases and motions to modify. The following is gleaned from some of those cases.

Proceedings in a case seeking modification of a child support decree are governed by § 452.370. *Campbell*, 811 S.W.2d at 506. "Rule 88.01, although itself a rule of procedure, implements the principles of substantive law that §§ 452.340 and 452.370 enact for the adjudication of child support awards." *Id.* The provisions in a decree regarding child support "may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable." § 452.370.1.

Missouri has adopted specific child support guidelines. If the current support deviates from the support described by the guidelines by twenty percent or more, a prima facie case of a substantial and continuing change in circumstances has been established. *Beeler [v. Beeler]*, 820 S.W.2d [657] at 662 [ (Mo.App.1991) ]. § 452.370.-1[ ].

---

7. In *Campbell v. Campbell*, 811 S.W.2d 504 (Mo. App.1991), the trial court awarded child support of $440 per month ($220 per month per child). The completed Form 14 that had been admitted in evidence calculated the amount of presumed child support to be $511.02 per month. After concluding that the terms of Rule 88.01 are mandatory, the court held:

> The adjudication presented by the record is incomplete. The award is remanded with di-

rections to the trial court to either enter a finding on the record that the $511.02 support amount calculated under the guidelines of Rule 88.01 is unjust or inappropriate, or to enter an award of $511.02 for the support of the two children.

*Id.* at 506–07.

8. The attorneys who represent the parties in this appeal did not represent them at trial.

*Kieninger v. Kieninger,* 836 S.W.2d 515, 517 (Mo.App.1992).

A party who has met the burden of proof of changed circumstances, so substantial and continuing as to make the present support decree unreasonable, *shall* have the support "determined in conformity with criteria set forth in supreme court rule 88.01." § 452.370.2.... The effect of subsection 2 of § 452.370 is that a party who has proven changed circumstances, is entitled to a new award of child support calculated according to the criteria of Rule 88.01 and Form 14, unless the court determines by the substantive factors that govern such adjudications that the amount calculated is unjust or inappropriate.

*Campbell,* 811 S.W.2d at 506 (emphasis in original).

Although Rule 88.01 lists factors which the trial court is to consider in setting amounts of child support, the guidelines that are required to be used provide a frame for modifying a prior award (or for establishing an initial award) without considering evidence regarding the needs of the child. It was this frame upon which mother relied when this case was before the trial court. It is this frame upon which she relies on appeal. Notwithstanding that "[t]he paramount concern in a modification proceeding is the welfare of the children," *Kieninger,* 836 S.W.2d at 517, and admonitions that guidelines "not be 'rigidly or automatically' applied," *Rothfuss v. Whalen,* 812 S.W.2d 232, 237 (Mo.App.1991), citing *Sutton v. Sutton,* 801 S.W.2d 704, 705 (Mo.App.1990), and *Coit v. Coit,* 778 S.W.2d 344, 347 (Mo.App.1989), Missouri cases support basing the determination that there has been a change of circumstances so substantial and continuing that the terms of a prior child support decree are unreasonable on an application of guidelines alone. *Kieninger,* 836 S.W.2d at 517; *Campbell,* 811 S.W.2d at 506. They further permit determination of the amount of child support by application of the same guidelines, *Id.,* all without any evidence of the needs of the child or children for whom the child support is intended. Albeit a boot-strap exercise, this is the approach that wife took.

Missouri's guidelines were adopted in order to meet federal mandates. The mandate and the possible dilemma that may, and perhaps has, developed was explained in Clark, *The Law of Domestic Relations in the United States,* § 18.1 (1987):

The states are now under compulsion to develop "guidelines" as an aid to the computation of the appropriate levels of child support, pursuant to title IV–D of the Social Security Act, and many have done so. Guidelines are useful in assisting trial judges to arrive at a reasonable child support amount, but they should not be permitted to become fixed rules which have the effect of putting ceilings on awards or of neglecting the special circumstances indicating the wisdom of a larger or smaller award. The risks of using guidelines are particularly acute because in the hands of many hard pressed trial judges they are likely to become rigid and automatic rules. [Footnotes omitted.]

Missouri addressed the problem of guidelines becoming rigid and automatic by including as the last sentence in Rule 88.01:

It is sufficient in a particular case to rebut the presumption that the amount of child support calculated pursuant to Civil Procedure Form No. 14 is correct if the court or administrative agency enters in the case a written finding or a specific finding on the record that the amount so calculated, after consideration of all relevant factors, is unjust or inappropriate.

Rule 88.01(e).

The trial judge did not enter the finding permitted by Rule 88.01(e) that the amount calculated per Form 14, "after consideration of all relevant factors, [was] unjust or inappropriate." Thus, the amount of child support to which wife was entitled was required to "be determined in conformity with criteria set forth in supreme court rule 88.01." § 452.370.2. The same dilemma exists here as existed in *Bell v. Gilliam,* 852 S.W.2d 198, 202 (Mo.App.1993). Neither the decree that the trial court entered nor the record of the trial proceedings disclosed how the trial court arrived at the award it entered. This court cannot ascertain how the child support was determined. Although with some reluc-

tance due to the limited evidentiary record with which the trial court was provided, this court finds that mother sustained her burden of demonstrating error. The case must be reversed and remanded with respect to the issue of child support.

By her second point on appeal, mother contends the trial court erred in not making the modification of child support "retroactive to the date [father] was served with summons." Although this case must be remanded based on the first point on appeal, since there could be further proceedings before the trial court with respect to the issue raised by mother's second point, it is appropriate to address it at this time.

■ Mother contends that by not making the modification retroactive, father benefitted from undue delays that he caused prior to trial. This court finds no abuse of discretion by the trial court not making a retroactive award of increased child support. As previously discussed, there is no evidence before the court regarding the needs of the children for whom the child support would be paid. The concern is for the children, not the father or mother insofar as financial awards for child support are concerned. *Kieninger,* 836 S.W.2d at 517. Without any record relative to the financial needs of the children, it is difficult to fathom a basis by which the trial court could have determined that the children's needs were adversely affected by pretrial delay. Mother's second point is denied.

■ Mother's third point asserts the trial court erred in that it abused its discretion in not awarding more than $200 attorney fees. As with respect to her second point on appeal, mother contends that a significant part of her attorney fees was incurred due to dilatory tactics employed by father prior to trial.

The setting of attorney fees should not be reversed, unless the amount awarded is arbitrarily arrived at or so unreasonable as to indicate indifference and lack of proper judicial consideration. *Brown v. Brown,* 495 S.W.2d 89, 92 (Mo.App.1973). As such a ruling is discretionary, it is presumed to be correct and the burden rests on the complaining party to prove otherwise. *Id.*

*Burden v. Burden,* 811 S.W.2d 818, 822 (Mo. App.1991). There was no abuse of discretion by the trial court in regards to its award of attorney fees. Mother's third point is denied.

The order modifying the decree of dissolution of marriage is reversed as to the amount of child support awarded. In all other respects, the decree is affirmed. The case is remanded. The trial court is directed to ascertain whether the amount of presumed child support, as calculated as prescribed by Rule 88.01, is just and appropriate in this case. If not, the trial court should enter its finding that the amount so calculated "after consideration of all relevant factors, is unjust or inappropriate." Rule 88.01(e). If the trial court determines that the amount prescribed by calculations consistent with Form 14 is just and appropriate, the trial court shall supplement the record in the case with sufficient findings with which to make appropriate Form 14 calculations. Whether to require additional evidence or argument of counsel is left to the sound discretion of the trial court.

SHRUM and MONTGOMERY, JJ., concur.