Cynthia A. BEHNKE,
Petitioner/Respondent,

v.

James D. BEHNKE,
Respondent/Appellant.

No. 60607.

Missouri Court of Appeals,
Eastern District,
Division One.

March 10, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 18, 1992.

Application to Transfer Denied
June 2, 1992.

Eugene Joseph Brockland, Jr., Caruthers, Herzog, Crebs & McGhee, St. Louis, for respondent/appellant.

Claude C. Knight, Knight & Schoeneberg, St. Charles, for petitioner/respondent.

REINHARD, Presiding Judge.

Husband appeals from child custody and support provisions of a dissolution decree. We affirm as modified.

The parties were married on September 25, 1982. Their only child, a daughter, was born on June 24, 1988. The decree was entered on May 21, 1991.

Primary custody of the child was given to wife. Husband was given temporary custody rights on alternate weekends from 6:00 p.m. on Friday until 6:00 p.m. Sunday beginning with the first weekend after the entry of the decree and on alternate national holidays from 6:00 p.m. the evening before the holiday until 6:00 p.m. the day of the holiday. In addition, husband was to maintain medical insurance on the child.

The court ordered husband to pay wife the sum of $716.80 per month, which the court stated was "the presumed chart figure" under the child support guidelines promulgated by the Missouri Supreme Court.

On appeal, husband contends that the award of primary care, custody and control of the minor child was an abuse of discretion and against the weight of the evidence because the best interests of the child dictate that husband have primary care, custody and control of the child. He further

contends that the award of only "extremely limited" temporary custody rights was an abuse of discretion against the substantial weight of the evidence.

■■■ It is unnecessary to recite all of the evidence on these issues. Under our standard of review established in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976), we must affirm the ruling of the trial court unless it is unsupported by substantial evidence, unless it is against the weight of the evidence, or unless it misstates or misapplies the law. *Id.* at 32. We defer to the trial court's determinations on such matters as to the credibility of the witnesses. *Id.* Using this standard of review, it is plain that the trial court did not abuse its discretion and an extended opinion on these issues would have no precedential value. Rule 84.16.

■■ Husband also contends that the court award of child support in the amount of $716.80 is not within the child support guidelines as promulgated by the Missouri Supreme Court in Rule 88.01 and Civil Procedure Form 14. *See also* § 452.340, RSMo Cum.Supp.1990. We have not been provided with a worksheet used by the court in its determination that the amount was within the guidelines.[1]

■■ Wife's statement of income and expenses, entered into evidence, indicates that her gross monthly income is $1,729.[2]

Husband grosses $3,427.00 per month. Thus the couple's combined gross income per month is $5,156. The child support obligation for a couple with such an income, taken from the schedule accompanying Form 14, is $632.48 for one child. Adding the $400 of reasonable work-related child care expenses which wife testified she incurs[3] produces a combined child support cost of $1,032.48 per month. Applying husband's proportionate share of combined income (66.5%) results in a child support obligation of $686.60 per month. We have examined the record and conclude that the trial court's order as to support is not in compliance with the guidelines and that it should be reduced to $686.60 per month. Rule 88.01; *Campbell v. Campbell*, 811 S.W.2d 504 (Mo.App.1991).[4]

■■ The award of child support is thus modified and the husband ordered to pay $686.60 per month. Rule 84.14. In all other respects the decree of the trial court is affirmed.[5]

GARY M. GAERTNER, and CRANE, JJ., concur.

1. Wife's only response to husband's argument on this point is, "the Trial Court's award of child support should be affirmed in that it is extremely close to the chart figures claimed by [husband] and any such error would be [de minimus]." Husband contends the proper figure is $644 per month.

2. Husband would have us extrapolate from wife's testimony that she earned $440 per week by multiplying $440 times 52 weeks and then dividing by twelve, which produces a gross annual income for wife of $22,880 and a gross monthly income of $1906.67. However, we are obliged to view the evidence in the light most favorable to the trial court's finding and it was certainly just as reasonable to use the figure in the written document.

3. Husband would have us subtract a $50 federal tax exemption from that figure. Although guidelines originally published by the Missouri Supreme Court in 1987 mention that a federal

tax exemption should be subtracted, there is no such provision in the guidelines published in Form 14 pursuant to Rule 88.01, which are now mandatory. *See* Rule 88.01; Form 14. *Cf.* Child Support Guidelines, 735–36 S.W.2d Missouri Cases XL (1987).

4. We are uncertain whether the supreme court intended that even trivial deviations from the guidelines require adjustment. It would seem to us that at some point they do not. *But see Campbell v. Campbell*, 811 S.W.2d 504 (Mo.App. 1991).

5. Rule 88.01, formulated in 1989 at the behest of § 452.340.7, RSMo Supp.1989, requires both parties to complete Form 14, which is a worksheet for calculating the "presumed child support amount." The completed forms are to be made part of the record. Here no form or forms were included in the legal file. An appellant seeking relief from a child support award

without including these completed forms is doing so at his or her peril. *See Ibrahim v. Ibra-*    *him,* 825 S.W.2d 391 (Mo.App.S.D.1992).