**Jon Mark HOTT, Respondent,**

v.

**Cindy J. HOTT, Appellant.**

**No. 18554.**

Missouri Court of Appeals, Southern District, Division One.

Nov. 30, 1993.

J.D. Gorham, McCalley, Gorham & Bowman, Richmond, for appellant.

W. Steven Rives, Lake Ozark, for respondent.

PARRISH, Chief Judge.

Cindy J. Hott appeals from the trial court's denial of a motion to modify by which she sought additional child support from her

former husband, Jon Mark Hott. This court affirms.

The marriage of the parties was dissolved April 12, 1988. There was one child of the marriage, Holly Danielle Hott, born September 2, 1984. Appellant was awarded custody of the child. Respondent was ordered to pay child support in the amount of $75.00 per week.

Appellant filed the motion to modify that is the basis for this appeal February 28, 1991. At trial appellant submitted a proposed Form 14 by which she attempted to demonstrate that the financial circumstances of the parties had changed so that the amount of child support, calculated pursuant to the guidelines and criteria of Rule 88.01, would result in an increase in the presumed child support by more than twenty percent from the amount originally awarded. Appellant sought an increase in child support as provided by § 452.370.1, RSMo Supp.1992.

The amounts set forth on appellant's Form 14 were based on appellant's income and the amount she paid for work-related child care. However, the income she attributed to respondent was based on income she suggested should be imputed to him. She attributed a salary to respondent of the same amount that he earned at the time of the dissolution of marriage, although the evidence at the hearing was that respondent no longer had that job. He was self-employed at the time of trial. She attributed an "investment capability" to respondent based on a calculation of his net worth. There was no evidence that respondent received that amount, or any other amount, of investment income.

Appellant's Form 14 was offered and admitted into evidence. In offering the Form 14, appellant's attorney explained, "The Court does not have to accept our Form 14, but this is our position for this motion of what support should be in this case." Appellant also requested that respondent be ordered to pay her attorney fees.

Appellant offered no evidence regarding the needs of the child other than responses to two questions posed by her attorney. She stated that she had "considered uses" for increased child support if the court ordered respondent to pay additional child support. She said that Holly wanted piano lessons; she would purchase a piano. She would also use additional child support for books for Holly to have at home; for events Holly was invited to attend with friends; a computer for Holly; clothing for Holly; and to purchase a dresser with a mirror for Holly. There was no evidence of the cost of the things appellant itemized.

The trial court's findings state:

The court finds from the evidence presented that [appellant] has failed to meet her burden of proof in showing circumstances so substantial and continuing as to make the terms of the original Decree unreasonable in that [appellant] has presented evidence that is speculative, dated, unclear, and lacking in substantive and probative value, and from which the court cannot assess current child support obligations or find continuing changed circumstances warranting a modification of the court's prior Decree. [Appellant's] Motion to Modify Dissolution Decree is overruled. Court awards neither party atty's fees....[1]

The trial court's judgment denying appellant's motion to modify is reviewable under Rule 73.01. It is supported by substantial evidence and is not against the weight of the evidence. No error of law appears.

This court determines that further opinion would have no precedential value. The judgment denying appellant's motion to modify is affirmed in compliance with Rule 84.16(b).

SHRUM and MONTGOMERY, JJ., concur.

---

1. "[A]n order requiring one party to a motion to modify to pay attorney fees and litigation expenses of the other is justified only upon the showing of 'very unusual circumstances' justifying deviation from the general rule that each party to litigation bear his own costs." *In re Marriage of Hoglen*, 682 S.W.2d 179, 182 (Mo. App.1984), citing *Bryson v. Bryson*, 624 S.W.2d 92, 99 (Mo.App.1981). As in *Hoglen*, particularly considering appellant's lack of evidence to support the motion to modify she filed, this court does not find such circumstances.