Rex W. HARRISON, Respondent,

v.

Celia K. HARRISON, Appellant.

No. 18845.

Missouri Court of Appeals,
Southern District,
Division One.

March 11, 1994.

David G. Neal, Eminence, for appellant.

Don M. Henry, Henry, Henry & Englebrecht, P.C., West Plains, for respondent.

PARRISH, Chief Judge.

Celia K. Harrison (wife) appeals from the part of the judgment in this dissolution of marriage case brought by Rex W. Harrison (husband) that awarded child support in the amount of $180 per month and from the trial court's failure to order retroactive child support from the date the petition for dissolution of marriage was filed. Wife also appeals from the amount awarded for her attorney fees. The amount of child support the trial court awarded is reversed. In all other respects, the judgment is affirmed. The case is remanded.

Husband and wife were married January 8, 1991. They have one child, Cameron Parker Harrison, who was eighteen months old on the date the trial court entered judgment dissolving the marriage. Husband and wife were awarded joint physical and legal custody of the child, although wife is the custodial parent for purposes of determining the presumed amount of child support pursuant to Rule 88.01(e) in that the child is in her physical custody during substantially more time than he is in the physical custody of husband.

Husband was ordered to pay child support to wife in the amount of $180 per month. Child support was ordered paid through the Circuit Clerk of Howell County in accordance with § 452.345.2.[1] The judgment allowed wife to "claim the child as a dependent for income tax purposes." It provided for payment of medical expenses incurred for the child and distributed nonmarital and marital property. It directed husband to pay the marital debt incurred by the parties. Husband was ordered to pay $200 toward wife's attorney fees.

The trial court based its award of child support on the following findings that it described as relative to computations made on "the [Trial] Court's 'Form 14. Presumed Child Support Amount Worksheet' calculation":[2]

1. The parties agree that [husband's] monthly gross income is $1,156.00. [Wife's] own figures suggest that for the seven-month period mid-June, 1992—mid-January, 1993, the total of her gross salary and tips was $7,096.00. Form 14 Directions for Use require that the Court consider gross rather than net income. The "gross income" approach may be flawed but is binding on the Court in any event. This suggests an average monthly gross income for [wife] of $1,013.00.

[Wife's] evidence is that business slows down at her place of employment during the colder months and her income declines at those times. This may well be true, but the Court nevertheless adopts the $1,013.00 figure as [wife's] monthly gross income for the following reasons. First, the seven-month period on which the calculation is based includes both summer and winter months. Second, [wife] admitted she works only a few hours a week and her declination to work part-time elsewhere is based solely upon her desire to spend more time at home with the child. Certainly a party has no legal obligation to maximize his or her income, and of course there is nothing unreasonable about a mother's spending time with her small child. Nevertheless, a party who seeks support *from another* may not unreasonably pass his or her own share of the support burden to the other party. Here [wife] would be attending college classes if she could. Her current nonmatriculation leaves her time available for work elsewhere if she chooses to obtain it. The $1,013.00 figure is based on [wife's] actual gross earnings during a period of seven months. She has plenty of time to work a second job at a different high-end restaurant in Springfield if she is not going to school. Accordingly it is reasonable to use the $1,013.00 figure without reduction as wife's monthly gross income.

2. [Wife] spends $217.00 per month for child care. However, she is paying for much more child care than she actually uses. On an ordinary work day the child will spend only two hours with the sitter, yet mother is paying for full-time child care. Line 4 b. of Form 14 requires addition of only the custodial parent's *"reasonable"* work-related child care costs. $217.00 per month is not reasonable given [wife's] work schedule and lack of competing time constraints such as college study. Of course some amount for child care, perhaps half of $217.00 per month, would be "reasonable." However, the Form 14 "Directions for Use" provide that the reasonable cost be reduced by "any federal income tax credit." By this decree mother will receive the right to claim the child as

1. References to statutes are to RSMo Supp.1992.

2. The trial court entered an "ORDER FOR JUDGMENT" from which the attorneys prepared a formal judgment for entry by the court. A completed "Form 14" was attached to the order.

her dependent for federal income tax exemption purposes. Moreover she is entitled to claim a dependent child care credit in an amount surely equal to or greater than her reasonable monthly work-related child care costs. Although the precise figure was not mentioned in the evidence, the Court knows this benefit to be quite substantial and often sufficient alone to cancel any federal income tax liability whatever. For these reasons the Court has used the figure of zero for the custodial parent's "reasonable work-related child care costs."

Consistent with the findings in its order, the Form 14 the trial court used to calculate presumed child support used $1,013.00 per month as wife's income (the custodial parent). It showed no reasonable work-related child care costs. It used $1,156.00 as husband's monthly income (the noncustodial parent). The trial court calculated the presumed child support to be paid by husband as $180 per month.

■ In reviewing wife's points on appeal, this being a court-tried case, this court must affirm the judgment of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Mistler v. Mistler,* 816 S.W.2d 241, 245 (Mo.App.1991).

■ Wife's first point claims the trial court erred in attributing monthly income to her of $1,013 for purposes of calculating the presumed child support to be paid by husband. She contends that this amount was based on her earnings "during the busy season for her employment"; that the amount used "did not take into account the substantial drop in her income during the remainder of the year."

■ A trial court has a difficult task in determining the monthly gross income of a party who is compensated by means other than an established, recurring salary. This task is complicated when the party's employment history in his or her current job is relatively short. A trial court cannot ascribe to speculative evidence. *See Hott v. Hott,* 865 S.W.2d 449, 450 (Mo.App.1993). The only information available for its consideration is the evidence presented at trial that is substantive and probative. *Id.* The trial court's ascertainment of $1,013 as wife's monthly gross income is supported by substantial evidence. It is not contrary to the weight of the evidence nor is it the result of an erroneous application or declaration of law. Point I is denied.

■ Wife's second point contends the trial court erred in not allowing her credit for reasonable work-related child care costs in calculating presumed child support. She argues that the trial court's conclusion that amounts she paid for child care were not reasonable is not supported by the evidence; that the trial court's finding that income tax benefits would compensate for not including reasonable work-related child care costs in the calculation is speculative; that the determination that wife did not need a baby-sitter because she worked part-time is inconsistent with imputing income to her based on full-time employment.

In *Watkins v. Watkins,* 839 S.W.2d 745 (Mo.App.1992), the Western District of this court held:

Rule 88.01 requires the use of Civil Procedure Form 14 in calculating child support. Form 14 expressly provides for allocation of the custodial parent's reasonable work-related child care costs. The terms of Rule 88.01 are mandatory, and courts must either award child support in conformity with the result obtained by using Form 14 or make a finding on the record that an award of such an amount is unjust or inappropriate. *Hamilton v. Hamilton,* 817 S.W.2d 937, 939 (Mo.App.1991); *Campbell v. Campbell,* 811 S.W.2d 504, 506 (Mo.App.1991).

*Id.* at 748. The court found that Ms. Watkins had demonstrated the need for work-related child care. It held, "The trial court erroneously applied the law by failing to consider as a factor Ms. Watkins' reasonable work-related child care costs when calculating the appropriate child support award contemplated by Form No. 14." *Id.* at 749.

Here, as in *Watkins,* wife demonstrated the need for child care. The trial court erred in not including reasonable work-related

child care expenses in calculating the presumed amount of child support.

■ The trial court had no evidence before it regarding tax implications of wife's right to claim a federal income tax exemption for the child. That factor has no bearing on the requirement that reasonable work-related child care costs be included in the calculation of presumed child support. The trial court did not find that the amount of presumed child support would be unjust or inappropriate. *See* Rule 88.01(e). It, therefore, erred by not awarding the appropriate amount of child support calculated in accordance with Rule 88.01 and Form No. 14. Point II is granted. The amount of child support must be reversed and the case remanded for determination of child support in the manner prescribed by Rule 88.01.

■ Wife's third point asserts the trial court erred in not granting retroactive child support from the date of filing of the petition for dissolution of marriage.

Section 452.340.1 permits a trial court to award retroactive child support "to the date of filing the petition." The decision whether to award retroactive child support is discretionary. "Nothing in § 452.340.8 or Rule 88.01 creates a presumption that an award calculated under the Form 14 formula is to be retroactive." *Mistler v. Mistler*, 816 S.W.2d at 255.

Husband points out that he paid amounts for support of the child from August 1992; that during that time wife sought nothing from the trial court in addition to, or in lieu of, the amounts he paid. Wife's cross-petition for dissolution of marriage asked only for child support. It did not ask for child support retroactive to its filing. Further, a review of wife's testimony and the statements made by her attorney at the end of the trial reveal no request for the trial court to order retroactive child support. The trial court's failure to award retroactive child support is not an abuse of discretion. Point III is denied.

■ Point IV contends the trial court erred in failing to order husband to pay more than $200 toward wife's attorney fees. Wife bases her argument that the trial court

abused its discretion by not ordering payment of a greater amount on a claim that much of her attorney fees accrued in defending husband's "false and spurious claim that he should have custody of the child."

Both husband and wife call this court's attention to *Bushhammer v. Bushhammer*, 816 S.W.2d 271 (Mo.App.1991), regarding a trial court's authority to award attorney fees.

> The trial court is vested with broad discretion in ordering payment of attorney fees and said award is reviewable only for an abuse of discretion. *Amedei v. Amedei*, 801 S.W.2d 491, 494 (Mo.App.1990) (citation omitted). The general rule is that each party must bear his or her own costs of litigation. *Id.* (citation omitted).

*Id.* at 275.

This court finds no abuse of discretion by the trial court in its award of attorney fees in the amount of $200. Point IV is denied.

The award of child support is reversed and the case is remanded for determination of child support in accordance with Rule 88.01. This court leaves to the sound discretion of the trial court whether to receive additional evidence for that purpose or to make the determination from the evidence previously presented. Further, although this court determined the trial court did not abuse its discretion as to the amount awarded wife for attorney fees, the trial court is not prohibited from considering whether additional attorney fees should be awarded for legal services that may be required upon remand. In all other respects, the judgment is affirmed.

SHRUM and MONTGOMERY, JJ., concur.