In re the MARRIAGE OF Kevin W. McDANIEL and Shannon M. McDaniel,

Kevin W. McDaniel, Petitioner–Respondent,

v.

Shannon M. McDaniel, Respondent–Appellant.

No. SD 31845.

Missouri Court of Appeals, Southern District, Division Two.

April 4, 2013.

Joseph J. Kodner, St. Louis, MO, attorney for appellant.

Ronda L. Cortesini, Waynesville, MO, attorney for respondent.

MARY W. SHEFFIELD, J.

Shannon McDaniel ("Mother") appeals from the trial court's judgment modifying the child custody and support provisions in the decree which dissolved Mother's marriage to Kevin McDaniel ("Father"). Mother raises four points on appeal: (1) the trial court's findings regarding the best interest of the children are not supported by substantial evidence and are against the weight of the evidence; (2) the trial court erred in adopting Father's Form 14; (3) the trial court erred in awarding retroactive child support prior to the date on which Father, the prevailing party, filed his motion to modify child custody and support; and (4) the trial court's judgment with respect to the amount of retroactive child support is too vague to be enforceable.

Mother's first two points fail, but her second two points have merit. Accordingly, we affirm in part, reverse in part, and remand.

### Standard of Review

We review judgments involving child custody and child support cases the same as any other court-tried case. *See In re Marriage of Campbell,* 868 S.W.2d 148, 150 (Mo.App. S.D.1993). That is, we will affirm the judgment "if it is supported by substantial evidence, is not against the weight of the evidence, and does not erroneously declare or apply the law." *In re Marriage of Copeland,* 148 S.W.3d 327, 329 (Mo.App. S.D.2004). "We must accept as true the evidence and permissible inferences therefrom in the light most favorable to the decree and disregard all contrary evidence and inferences." *Tracy v. Tracy,* 961 S.W.2d 855, 858 (Mo.App. S.D. 1998). "A trial court is free to believe or disbelieve all, part or none of the testimony of any witness." *Campbell,* 868 S.W.2d at 150.

### Facts and Procedural History

Mother and Father were married in 1999. During the marriage, they had three children ("the children"): A.K.M., G.W.M., and A.R.M. The parties' marriage was dissolved in November 2009. The dissolution decree provided the parties would have joint physical and legal custody of the minor children with Father's address being designated as the residential address. The decree further provided the parties would alternate three week periods of custody and alternate holidays. The plan did not include provisions to account for the possibility that the parties might live far apart because at the time of the dissolution, Mother indicated she intended to maintain her residence in Missouri. The dissolution decree did not order Father to pay child support, but he nonetheless had an allotment of $700 per month from his military pay sent to Mother's account to help with the children's expenses.

At the time of the dissolution in 2009, the children had been visiting their maternal grandparents in South Carolina. At that time, Father was a member of the

U.S. Army and was deployed to Afghanistan. Mother was traveling back and forth between Missouri and South Carolina.

Father returned from Afghanistan in April 2010. Father visited South Carolina for a month and had unlimited access to the children in South Carolina. In June, Father stopped sending money to Mother because Mother said she "had no intention of coming back to Missouri and bringing the kids back[.]" When Father took the children for the summer in June 2010, Mother made him promise in writing that he would return them because she "was afraid he was going to keep the kids." The children returned to South Carolina in August 2010.

In September, Father traveled to South Carolina for A.K.M.'s birthday and to bring the children back to Missouri to begin school. Mother told Father she would call the police if he took the children. Fearing police action might hurt his military career, Father returned to Missouri without the children. Mother then filed a motion to set aside the dissolution decree based on allegations of fraud. The children returned to Missouri to spend time with Father for Thanksgiving in 2010. After the Thanksgiving, Father did not return the children to South Carolina.

Mother filed a motion to modify child custody and support on December 3, 2010. Father filed a counterclaim and his own motion to modify on August 30, 2011. Although they characterized the facts differently, both parties alleged Mother's move to South Carolina was a substantial and continuing change in circumstances which merited a modification of the child custody and support provisions of the dissolution decree.

The trial court held a hearing on all motions. Mother, Father, the children's maternal grandmother ("Grandmother"), and Grandmother's husband testified. The trial court found there had been a substantial change in circumstances which justified modifying the original judgment. Neither party challenges this conclusion on appeal. The trial court found the parties did not agree on a proposed parenting plan and rejected both proposed parenting plans. The trial court then made specific findings of fact with respect to each of the factors in section 452.375.2[1]. The trial court ordered the parties to continue to exercise joint legal and physical custody. The residence of the children was to be with Father. The trial court adopted Father's Form 14, found the presumed child support amount in that Form 14 was reasonable, and ordered Mother to pay $431 per month in child support, effective December 3, 2010. As the judgment was dated October 19, 2011, the trial court ordered Mother to pay retroactive child support from December 3, 2010, at $100 per month until the amount due was paid in full. This appeal followed.

### Discussion

### Point I: Mother Fails to Demonstrate the Trial Court's Findings Regarding the Best Interest of the Children Are Not Supported By Substantial Evidence or Are Against the Weight of the Evidence

■ In Point I, Mother argues the trial court's findings with respect to the best interest of the children are not supported by substantial evidence and are against the weight of the evidence. Specifically, Mother contends: (1) the trial court improperly relied on conduct that occurred prior to the dissolution decree; (2) the evidence showed Mother would be more likely to promote relationships with signifi-

---

1. Unless otherwise indicated, all statutory references are to RSMo Cum.Supp. (2010).

cant others; (3) the evidence showed Mother would be more likely to promote a continuing relationship between the children and Father; and (4) the evidence showed the children wanted to live with Mother. Mother's arguments are without persuasive force because they ignore the standard of review.

 The standard of review in civil cases contemplates two types of arguments regarding the factual support for a trial court's judgment: a challenge that the decision is not supported by substantial evidence and a challenge that the decision is against the weight of the evidence. *Houston v. Crider*, 317 S.W.3d 178, 186–87 (Mo.App. S.D.2010). To present an argument that the judgment is not supported by substantial evidence, the appellant must complete three steps:

(1) identify a challenged factual proposition, the existence of which is necessary to sustain the judgment;

(2) identify all of the favorable evidence in the record supporting the existence of that proposition; and,

(3) demonstrate why that favorable evidence, when considered along with the reasonable inferences drawn from that evidence, does not have probative force upon the proposition such that the trier of fact could not reasonably decide the existence of the proposition.

*Id.* at 187. To present an argument that the judgment is against the weight of the evidence, the appellant must complete four steps:

(1) identify a challenged factual proposition, the existence of which is necessary to sustain the judgment;

(2) identify all of the favorable evidence in the record supporting the existence of that proposition;

(3) identify the evidence in the record contrary to the belief of that proposition, resolving all conflicts in testimony in accordance with the trial court's credibil-

ity determinations, whether explicit or implicit; and,

(4) demonstrate why the favorable evidence, along with the reasonable inferences drawn from that evidence, is so lacking in probative value, when considered in the context of the totality of the evidence, that it fails to induce belief in that proposition.

*Id.* Where the appellant fails to follow this framework, the appellant's argument is "analytically useless and provides no support" for his or her challenge. *Id.* at 188.

The argument section in support of Mother's first point wholly ignores this framework. Mother's argument is structured around the best interest factors of section 452.375.2, and she has a separate section challenging the trial court's findings regarding four of the factors. In none of the sections does she make it clear whether she is arguing that the evidence does not support the judgment or that the judgment is against the weight of the evidence. Furthermore, under the discussion of each factor, she fails to account for evidence or inferences favorable to the trial court's findings.

For example, when discussing the factor of the ability and willingness of the parents to perform their parental functions, Mother argues the trial court improperly relied on Mother's conduct prior to the marriage, pointing to the trial court's citation of Grandmother's testimony. Grandmother did say that prior to the dissolution Mother was not a model parent. At that time, Mother associated with people who wanted her to party and drink, and she did party and drink. While it is true that conduct occurred prior to the dissolution, Mother's argument does not mention Father's testimony on the issue. Father expressed continuing concerns about Mother's associates. Those continuing concerns made the evidence of past conduct relevant

to Mother's present priorities. *See Campbell,* 868 S.W.2d at 153. The evidence of Father's continued concerns regarding Mother's associates was favorable to the trial court's findings on this factor yet Mother does not explain why that evidence lacks probative force. Consequently, her argument on that factor is without persuasive force.

Mother's arguments regarding the other factors suffer similar failures and to detail them would serve no purpose. Because Mother's arguments do not distinguish between the two types of factual review in a court-tried case and because she ignores evidence favorable to the judgment, her arguments are without persuasive force. To support a decision in her favor "would require this Court to devise and articulate its own demonstration of how the omitted favorable evidence ... is not substantial evidence or is lacking in probative value as compared to the totality of the evidence, so as to be against the weight of the evidence." *Houston,* 317 S.W.3d at 189. Were we to do so, we would become an advocate for Mother, which we cannot do. *Id.* Mother's first point is denied.

### Point II: The Trial Court's Adoption of Father's Form 14 Was Supported by Substantial Evidence

■ In Point II, Mother argues the trial court erred in adopting Father's Form 14 because the amount included in that form for Mother's gross monthly income was not supported by substantial evidence. We disagree.

■ Appellate courts will reverse a child support award "only if the trial court abused its discretion by ordering an amount that is 'against the logic of the circumstances' or is 'arbitrary and unreasonable.' " *Forde v. Forde,* 190 S.W.3d 521, 527 (Mo.App. E.D.2006). Stated another way, such an award will not be disturbed "unless the evidence is 'palpably insufficient' to support it." *Id.* at 531.

The following additional facts are relevant to resolution of this point. At the time of the modification hearing, Mother was employed at Applebee's in South Carolina where she received an hourly wage plus tips. Her income varied; as Mother stated "[s]ome weeks are better than others." She provided "a rough guesstimate" of her monthly income for the Form 14 she filed with the court. The Form 14 Mother filed with her original motion stated she earned $1,400 per month. The Form 14 she submitted at the time of trial stated she earned $1,556 per month. Mother acknowledged that a collection of her pay stubs, admitted at the hearing as Exhibit 6, accurately reflected the amounts she had been paid, the tips earned, and the hours she worked during the covered periods. Father testified he worked for the U.S. Army and earned $3,784.34 per month. He provided a Form 14 which listed Mother's gross monthly income as $1,846.

■ Determinations of the appropriate amount of child support are governed by section 452.340 and Rule 88.01[2] which mandate an analysis governed by Form 14 and its accompanying directions. *Ricklefs v. Ricklefs,* 39 S.W.3d 865, 869–70 (Mo. App. W.D.2001). The trial court "must reject any Form 14 if any item is incorrectly included in the calculation, an amount of an item included in the calculation is incorrect, or the mathematical calculation is incorrect." *Id.* at 870 (quoting *Samples v. Kouts,* 954 S.W.2d 593, 597 (Mo.App. W.D.1997)). Determining whether an amount included in the calculation is incorrect necessarily involves determining whether that amount is supported

**2.** All rule references are to Missouri Court Rules (2012).

by substantial evidence. *See Id.* "A court may consider past, present and anticipated earnings capacity in determining a parent's ability to pay child support." *Forde,* 190 S.W.3d at 531.

 "Averaging of income is appropriate unless there is evidence that it does not reflect a parent's current earnings capacity." *Id.* Courts have often found averaging of past income to be appropriate when the parent paying support works in a job where the income fluctuates. For example, in *Price v. Price,* 921 S.W.2d 668, 671–72 (Mo.App. W.D.1996), the appellate court approved the use of an averaging method where the parent paying support was an auto worker who had periods during which he was laid off and earned significantly less than the periods during which he was working. Similarly, in *Harrison v. Harrison,* 871 S.W.2d 644, 646 (Mo.App. S.D.1994), the appellate court approved the use of an averaging method where the parent paying support worked in a restaurant and her compensation was based partly on tips, the amount of which varied from month to month. Furthermore, where a trial court chooses one method of computing the average over another reasonable method for computing the average, there is no cause for reversal under our deferential standard of review. *See Behnke v. Behnke,* 829 S.W.2d 45, 46 n. 2 (Mo.App. E.D.1992). Under the facts of this case, the trial court did not abuse its discretion in computing an average monthly income based on the data from the pay stubs. *See Harrison,* 871 S.W.2d at 646.

Mother's primary argument is that the trial court should have calculated her average monthly income based on the gross pay year-to-date listed in the most recent pay stub admitted at trial. This argument is flawed for two reasons. First, this theory was not presented to the trial court for its consideration. At trial, Mother presented a figure, $1,556, based on "a rough guesstimate." She did not propose the method of calculation she employs now on appeal. We decline to consider an argument not first presented to and considered by the trial court. *See Pickering v. Pickering,* 314 S.W.3d 822, 836 (Mo.App. W.D. 2010).

The second problem with Mother's argument is that Father also presented a reasonable method for calculating the average monthly income. Father's estimate of Mother's gross monthly income was based on an average hourly wage calculated using the hours worked and total pay from each pay stub. Father then multiplied that figure by 40 hours per week over 52 weeks and divided by 12 to achieve an estimated monthly income. As both parties proposed reasonable methods for determining Mother's average monthly income, we will not reverse the trial court's decision to adopt one method over the other. *See Behnke,* 829 S.W.2d at 46 n. 2.

The trial court did not err in adopting Father's Form 14. Use of an average income was appropriate because Mother's income fluctuates, and the figure included for her gross monthly income was supported by the evidence. Mother's second point is denied.

### Points III & IV: Retroactive Child Support

 In Point III, Mother argues the trial court erred in ordering her to pay retroactive child support effective from the date she filed her motion to modify custody and support. In Point IV, Mother argues the trial court's award of retroactive child support was too indefinite to be enforced because it did not state a set amount due or provide a formula for calculating the amount due. Father concedes both of these points.

 We review an award of child support for abuse of discretion. *Wiest v.*

*Wiest,* 273 S.W.3d 545, 549 (Mo.App. S.D. 2008). A modification of child support is governed by section 452.340.1. § 452.370.2, RSMo (2000). That section permits the trial court to award retroactive child support to the date of the filing of the petition or motion to modify. *See* § 452.340.1; *Lokeman v. Flattery,* 146 S.W.3d 422, 430 (Mo.App. W.D.2004). When the parties file cross-motions to modify and the prevailing party filed the later motion, it is error to award retroactive child support to the date of the motion filed by the party who did not prevail. *See Lokeman,* 146 S.W.3d at 429–30.

In the present case, Mother's motion to modify child custody and support was filed on December 3, 2010. Father's cross motion was filed on August 30, 2011. The trial court ordered child support to be paid by Mother to Father effective December 3, 2010. Because Father was the prevailing party and Father's motion was filed on August 30, 2011, the trial court only had authority to order retroactive child support beginning August 30, 2011. *See id.* Consequently, the trial court erred when it ordered retroactive child support beginning on December 3, 2010. Mother's point is granted.

Because we must remand the case for reconsideration of the issue of retroactive child support, the issue presented in Mother's Point IV, *i.e.* the issue of whether the present judgment is sufficiently specific to be enforceable, need not be addressed. On remand, in addition to correcting the date on which the retroactive child support is to begin, the trial court is encouraged to ascertain the amount of retroactive child support due or describe the method for calculating the amount due.

### Decision

The trial court's order of retroactive child support is reversed, and the cause is remanded for further proceedings consis-

tent with this opinion. In all other respects, the trial court's judgment is affirmed.

JEFFREY W. BATES, J. and DANIEL E. SCOTT, P.J., concur.