IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 12, 2016

**STATE OF TENNESSEE v. ALPHONSO BOWEN**

**Appeal from the Criminal Court for Shelby County**
**No. 1201162 Lee V. Coffee, Judge**
_____

**No. W2015-01316-CCA-R3-CD  -  Filed November 15, 2016**
_____

Defendant, Alphonso Bowen, was indicted by the Shelby County Grand Jury for one count of aggravated robbery. Following a jury trial, Defendant was convicted as charged. Following a sentencing hearing, the trial court ordered Defendant to serve 12 years in the Tennessee Department of Correction. In this appeal as of right, Defendant raises the following issues for our review: 1) whether the trial court erred by allowing testimony regarding the hearsay contents of an anonymous note; 2) whether the trial court erred by allowing the State to impeach Defendant with evidence of a prior conviction; 3) whether the trial court erred by allowing testimony in violation of its ruling on a motion in limine precluding discussion of Defendant's arrest; 4) whether the trial court erred by asking questions of the State's expert witness; 5) whether it was plain error for the trial court to allow a lay witness to give an expert opinion regarding Defendant's fingerprints; 6) whether the trial court erred by excluding testimony by Defendant regarding a photograph; 7) whether the evidence was sufficient to support Defendant's conviction; and 8) whether the cumulative effect of the trial court's errors require a reversal of Defendant's conviction. Having reviewed the entire record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT H. MONTGOMERY, JR., JJ., joined.

Stephen Bush, District Public Defender; Trent Hall, Assistant Public Defender, and Phyllis Aluko, Assistant Public Defender, Memphis, Tennessee, for the appellant, Alphonso Bowen.

Herbert H. Slatery III, Attorney General and Reporter; Zachary T. Hinkle, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Alexia Fulgham Crump, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## Facts

Ibsitu Ahmed testified that on June 24, 2011, she was working behind the counter at Odaa Grocery, a small convenience store located on Trigg Avenue, in Memphis. Ms. Ahmed testified that at approximately 11:00 a.m., a man came into the store and ordered a pizza. While Ms. Ahmed was talking to him, two other men crouched behind the counter. One of the men pointed a gun at Ms. Ahmed's head and demanded that she stay quiet and show him the money. The gunman took the money from the cash register. He also took a change jar, a small plastic bag containing cash, and Ms. Ahmed's purse and keys. One of the men pulled out a pack of cigarettes, causing others to fall to the floor, and the gunman picked up some of the packs. The gunman told her to lie down on the floor and then left the store.

Ms. Ahmed testified that the gunman's face was covered, but his face became uncovered when he moved around, and she recognized him from his having been in the store previously. Ms. Ahmed identified Defendant as the gunman in a photographic lineup on July 20, 2011. Ms. Ahmed also identified Defendant at trial, noting that "[h]e's gained more weight, but it looks like it's him." Ms. Ahmed was unable to identify Defendant at the preliminary hearing. She identified another man sitting in the same group of men as Defendant, and they were all wearing the same clothing.

Ms. Ahmed testified that Defendant did not return to the store after the robbery and that when he had previously shopped in the store prior to the robbery, Defendant did not purchase "individual cigarettes[,] [a]lways a pack."

Officer Michael Giaccaglini, of the Memphis Police Department, responded to the robbery call. He testified that Ms. Ahmed was visibly shaken when he arrived. She described what happened to Officer Giaccaglini. Officer Giaccaglini reviewed the video recording from the surveillance camera. The video showed one man enter the store and walk to the pizza counter. Two other men then entered the store. One of the men produced a gun and approached Ms. Ahmed behind the counter. He pointed the gun at the victim. The other man reached over the counter and took cash from the register and cigarettes. The gunman took cigarettes and "things behind the counter." Officer Giaccaglini testified that he was unable to obtain a copy of the video recording because no one in the store knew how to operate the recording device. The video subsequently recorded over itself and was not produced as evidence at trial.

On the following day, Officer Giaccaglini returned to the store because the owner contacted him with new information regarding the case. Officer Giaccaglini testified that

the owner of the store had received a note that contained three nicknames. Officer Giaccaglini did not see the note. He searched the names in the police database and developed Defendant as a suspect in the robbery.

Officer David Payment, of the Memphis Police Department, processed the crime scene. Officer Payment dusted for fingerprints around the areas the suspects may have touched, including the cash register drawer and some of the packs of cigarettes found on the floor. On one of the cigarette packs, Officer Payment was able to lift a fingerprint for analysis.

Nathan Gathright, a latent print examiner for the Memphis Police Department, analyzed the latent print and found a positive match to a print of Defendant that was on file in the Automated Fingerprint Identification System ("AFIS"). Mr. Gathright explained that when he entered the print into AFIS it returned "respondents," or known prints on file via "an arrest number of a number that's unique to the individual that it belongs to." In Defendant's case, the number was a Shelby County Sheriff's Office number.

Carrie Preston, of the Department of Records and Identification of the Shelby County Sheriff's Department, took Defendant's fingerprints on the second day of the trial and compared them to prints that Mr. Gathright found through AFIS. Ms. Preston also found them to be a match.

Defendant testified that he shopped at the Odaa Grocery every day. Defendant frequently bought cigarettes and pizza at the store. Defendant testified that he continued to shop at the store after the robbery. Defendant explained why his fingerprints were found on a pack of cigarettes. He testified that Ms. Ahmed handed him the pack of cigarettes, but he only wanted to buy three individual cigarettes out of the pack, which he testified that he often did. Defendant denied that he was involved in the robbery. He testified that he was "a victim of mistaken identity."

*Analysis*

*Hearsay*

Defendant contends that the trial court erred by allowing the State to present testimony regarding the note containing the nicknames of the alleged perpetrators. The State responds that the testimony was not hearsay because it was not offered for the truth of the matter asserted.

During a jury-out hearing, Officer Giaccaglini testified that the store owner contacted the police after he received a note containing the nicknames of men who committed the robbery. Officer Giaccagliani did not see the note. He input the names into a police database and linked one of the nicknames to Defendant. Defense counsel objected to the admission of the testimony as hearsay for which there are no valid exceptions.

Following the jury-out hearing, the trial court ruled as follows:

> In this case, the officer received information from the store owner that says, I have, you know, some note with some names on this that may have possibly been involved allegedly, and based on his receiving that note, he searched the database and was able to come up with the name of [Defendant], a certain name, stated a certain date of birth and an address, and as a result of that, it shows what he did and it shows the investigation.

> So the statements or these statements are not being offered for the truth of the matter asserted, not being offered to show those things that were allegedly contained on the note, if there was, in fact, a note, but just to show what this officer did, why he did it, and not to allow that information – and the Court rules that it's not prejudicial towards the Defendant, that the probative value is not substantially outweighed by the danger of unfair prejudice, but it allows this information to be placed in a contextual background. And if that information is not, in fact, provided to the jury, it would create a conceptual void and would allow the jury to speculate unreasonably and perhaps prejudicially as to why this officer did what he did and how he was able to link, allegedly, this Defendant to this alleged aggravated robbery.

A trial court's factual findings and credibility determinations made in the course of ruling on a hearsay objection are binding on a reviewing court unless the evidence in the record preponderates against them. Questions of law, including whether a statement was hearsay and whether it fits under one of the exceptions to the hearsay rule, are subject to de novo review. *Kendrick v. State*, 454 S.W.3d 450, 479 (Tenn. 2015), *cert. denied*, 136 S. Ct. 335 (2015).

"Hearsay" is defined as "a statement other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Tenn. R. Evid. 801(c). A "statement" is "(1) an oral or written assertion or (2) nonverbal conduct of a person if it is intended by the person as an assertion." Tenn. R.

4

Evid. 801(a). Hearsay is not admissible except as allowed by the rules of evidence or other applicable law. Tenn. R. Evid. 802.

When an out-of-court statement is offered not for the truth of the matter asserted but to explain an officer's actions, it is not hearsay and its admission is not error. *See State v. Miller*, 737 S.W.2d 556, 559 (Tenn. Crim. App. 1987). This type of evidence, however, can be devastating to an accused and could be the subject of great prosecutorial abuse. Even if such evidence is not hearsay, a balancing test should be applied and the probative value of such evidence must be weighed against its prejudicial effect. *State v. Kilburn*, 782 S.W.2d 199, 204 (Tenn.Crim.App.1989).

We agree with the trial court's conclusion that the statement was not offered for the truth of the matter asserted, but rather to show why investigators focused their attention on Defendant. The trial court also properly considered and weighed the probative value against the prejudicial effect of the evidence. In this case, because the video of the robbery was not preserved for trial, the evidence of the anonymous tip was important to dispel any perception among the jurors that officers may have mishandled the investigation. Defense counsel cross-examined Ms. Ahmed and Officer Giaccaglini about the absence of the surveillance video, suggesting that the investigating officers may have been negligent in preserving the video. Therefore, as the trial court noted, evidence of the anonymous note gave the jury a contextual background and filled a potential void for the jury. Further, the evidence was not overly prejudicial. Other evidence of Defendant's guilt was presented, including the victim's identification of Defendant, with whom she was acquainted before the robbery, and Defendant's fingerprints on a pack of cigarettes disturbed during the robbery. Accordingly, we conclude that the trial court did not err by admitting testimony concerning the anonymous tip.

Defendant also contends that the admission of the evidence violated his right to confrontation because he was unable to cross-examine the anonymous informant who authored the note. The State asserts that Defendant has waived consideration of this issue by failing to raise an objection on this basis at trial and by failing to include the issue in his motion for new trial. *See* Tenn. R. App. P. 3(e) ("no issue presented for review shall be predicated upon . . . [any] ground upon which a new trial is sought, unless the same was specifically stated in a motion for new trial; otherwise such issues will be treated as waived."). Defendant did not object on this basis at trial, nor did Defendant include this issue in his motion for new trial. Accordingly, the issue is waived.

### *Prior bad acts evidence*

Defendant contends that the trial court erred when it determined that a 2009 conviction for attempted especially aggravated robbery was admissible for impeachment

purposes. Specifically, Defendant asserts unfair prejudice because the prior conviction was so similar to the charged offense. The State contends that the prior conviction was admissible because the trial court properly determined that it was relevant to Defendant's credibility.

The admissibility of an accused's prior convictions is governed by Rule 609 of the Tennessee Rules of Evidence. Rule 609 permits the accused's credibility to be impeached by prior criminal convictions on cross-examination if certain conditions and procedures are satisfied. The conviction must be for a crime (1) punishable by death or incarceration in excess of one year, or (2) involving dishonesty or false statement. Tenn. R. Evid. 609(a)(2). Generally, convictions that are ten years old or more cannot be used for purposes of impeachment. Tenn. R. Evid. 609(b). The State is also required to give reasonable written notice prior to trial of the particular convictions it intends to use to impeach the accused. Tenn. R. Evid. 609(a)(3).

Before permitting the use of a prior conviction, the trial court must find that the probative value of the conviction on the issue of credibility outweighs its unfair prejudicial effect on the substantive issues. *Id.* The trial court shall rule on the admissibility of the prior conviction before the accused testifies. *Id.* If the court rules that the prior conviction is admissible to impeach, there is no requirement that the accused testify at trial in order to later challenge the court's ruling on the admissibility of the prior conviction. *Id.* A trial court's decision to admit evidence of prior convictions pursuant to Tennessee Rule of Evidence 609 is reviewed under an abuse of discretion standard. *State v. Waller*, 118 S.W.3d 368, 371 (Tenn. 2003). A trial court abuses its discretion when it applies an incorrect legal standard or reaches a decision that is against logic or reasoning that causes an injustice to the party complaining. *State v. Gomez*, 367 S.W.3d 237, 243 (Tenn. 2012).

Prior to trial, the State provided Defendant with notice of its intent to use the prior conviction to impeach Defendant's credibility if he chose to testify. In accordance with Rule 609, the trial court conducted a hearing and determined that the State would be allowed to impeach Defendant's credibility on the basis of the prior conviction. The trial court concluded as follows:

> In this case, the probative value of this conviction deals solely with credibility, and the only issue that this Court sees in this case that's before the Court right now is the issue of credibility, whether or not Ms. Ahmed is truthful, whether or not she's honest, whether or not she's mistaken, whether or not she has identified the wrong person when she says, "I've known this person for a number of years, he's in and out of my store several times a day, he usually comes in in the morning and

6

buys cigarettes and comes in in the afternoon and buys pizza, and I've known him, but I could not identify him at a prelim, I identified somebody else." And credibility is the only issue in this case.

And as Judge Craft stated in the [*State v.*] *Hawkins*[, No. W2005-00781-CCA-R3-CD, 2006 WL 1703817 (Tenn. Crim. App., at Jackson, June 21, 2006)] case, it would not be necessarily fair to the administration of justice if you allowed a person to take the stand and testify who has had a prior conviction and that conviction deals strictly with honesty. And aggravated robbery is, in fact – those crimes in that genre are, in fact, crimes that involve honesty and whether or not a person is telling the truth.

And I adopt some of the language that Judge Craft had in the *Hawkins* case, that it would not be fair to allow a person to take the stand and testify when he's been convicted of a similar crime simply because the crime is similar to the case for which he is on trial when the only issue in this case is credibility, whether or not Ms. Ahmed has rightfully or wrongfully or incorrectly identified [Defendant] as the person who approached her and robbed her with other people at gunpoint.

And this Court, having weighed this conviction under 609 and under 404, the Court does find that this conviction is, in fact, relevant, and if a conviction or evidence is, in fact, relevant under 404, it is admissible under 402, and under 404(b), this Court should exclude those relevant and otherwise admissible evidence if the probative value is outweighed by the danger of unfair prejudice.

And this Court finds specifically that the only issue as I see it in this case is the issue of credibility, and the probative value of credibility is, in fact, not outweighed by the danger of any unfair prejudice. In fact, the Court finds that the opposite would be true, to exclude relevant and probative information simply because a conviction is similar to the one for which [Defendant] is on trial.

This Court finds that that would be prejudicial on the issue of credibility not to allow that conviction to be admitted for those purposes of impeachment and credibility. And this Court would allow – should [Defendant] make a decision to take the stand and testify, will in fact, allow [the State] to ask [Defendant] about his prior conviction for those purposes of credibility only, and I will give the jury a limiting instruction

7

that, should they find that [Defendant] has been convicted of a crime or crimes other than that for which he is on trial, that it could be considered only for the purpose of determining his credibility as a witness in this trial.

We agree with the trial court that Defendant's prior conviction involved a crime of dishonesty and is therefore probative of his truthfulness. This court has held that robbery is a crime of dishonesty and probative of credibility. *State v. Caruthers*, 676 S.W.2d 935, 941 (Tenn. 1984). The trial court noted that Defendant's prior conviction is substantially similar to the charged offense. When an impeaching conviction is substantially similar to the charged offense, a danger exists that jurors will improperly consider the impeaching conviction as evidence of the propensity of the defendant to commit the crime. *State v. Mixon*, 983 S.W.2d 661, 674 (Tenn. 1999). Accordingly, the unfair prejudicial effect of an impeaching conviction on the substantive issues greatly increases if the conviction is substantially similar to the charged offense. *Id.* However, "[t]he mere fact a prior conviction of the accused is identical or similar in nature to the offense for which the accused is being tried does not, as a matter of law, bar the use of the conviction to impeach the accused as a witness." *State v. Baker*, 956 S.W.2d 8, 15 (Tenn. Crim. App. 1997) (citations omitted). Under these circumstances, a trial court should carefully balance the impeaching conviction's relevance with regard to credibility against its unfair prejudicial effect on substantive issues. *Mixon*, 983 S.W.2d at 674.

The trial court determined that the prior conviction should be admitted for impeachment purposes because "credibility is the only issue in this case." We cannot conclude under the circumstances of this case that the trial court abused its discretion in determining that the probative value of Defendant's prior conviction relative to credibility outweighed any danger of unfair prejudice to Defendant. *See State v. Welcome*, 280 S.W.3d 215, 222-23 (Tenn. Crim. App. 2007). In *Welcome*, this court affirmed the trial court's decision to allow the defendant to be impeached with a prior aggravated robbery conviction when the defendant was on trial for aggravated robbery. In this case, as in *Welcome*, credibility was the sole or primary issue. A defendant makes "credibility an important issue" when he "den[ies] any wrongdoing and assert[s] legitimate conduct." *See State v. Blevins*, 968 S.W.2d 888, 893 (Tenn. Crim. App. 1997) (concluding that the trial court did not abuse its discretion in allowing the defendant to be impeached with burglary, robbery, and larceny convictions when the defendant was on trial for burglary of a motor vehicle).

Here, the defense theory was that this was a case of mistaken identity. Defendant admitted that he frequented the store. The only evidence other than Ms. Ahmed's identification of Defendant as one of the perpetrators was Defendant's fingerprints on a pack of cigarettes. Defendant acknowledged that he frequented the store and explained

his fingerprints by testifying that he was a customer in the store on the day of the robbery and that he touched a pack of cigarettes but did not purchase the pack. Thus, by denying any wrongdoing and asserting legitimate conduct, Defendant made his credibility an important issue. Defendant is not entitled to relief on this issue.

### *Testimony in violation of ruling on motion in limine*

Defendant contends that the trial court erred by allowing testimony of Defendant's arrest record in contravention of its ruling on a motion in limine. The State asserts that the testimony did not violate the ruling. The State also asserts that Defendant has waived consideration of this issue for failure to contemporaneously object and that the testimony did not rise to the level of plain error.

Defendant made an oral motion during trial requesting that the State's witness not mention that Defendant's fingerprints were on file in AFIS due to a prior arrest. Defense counsel stated, "I'd rather them not know that they had his fingerprint on file because of prior arrests." The trial court ruled as follows:

> I believe – and this is going strictly from memory. I believe that [the prosecutor] had told the Court that she had instructed that witness what to say and what not to say, and I'm confident that [the prosecutor] is not going to elicit any testimony regarding any prior arrest history of [Defendant], but I will grant the motion in limine in reference to any mentions of prior arrest history of [Defendant].

Mr. Gathright testified as follows:

> [Witness]: [R]espondents are known prints that are to the system and would be known to us via an arrest number, an arrest number or a number that's unique to the individual that it belongs to.
>
> And in this particular case, once I did the searching of this print, it came back to [Defendant]. And would you like his number that – the specific number that it came back to?
>
> [Prosecutor]: Yes. Yeah.
>
> [Witness]: Okay. It came back to a Shelby County Sheriff's Office number of 320070.

The State argues that Defendant has waived consideration of this issue by failing to renew his objection to the testimony. Once a trial court "makes a definitive ruling on the record admitting or excluding evidence, either at or before trial, a party need not renew an objection or offer of proof to preserve a claim of error for appeal." Tenn. R. Evid. 103(a)(2). Therefore, the issue is not waived.

The State also asserts that the testimony did not violate the trial court's ruling on Defendant's motion in limine because Mr. Gathright testified that a fingerprint could be obtained through "an an arrest number *or a number that's unique to the individual that it belongs to*." (Emphasis added). Mr. Gathright also explained that fingerprints contained in AFIS may have been obtained for reasons unrelated to prior arrests, giving the examples of gun permits and employment records.

We conclude that it was error for the State to elicit any testimony regarding the prior arrest record. However, the error is harmless because proof of Defendant's prior conviction was later admitted at trial. Defendant is not entitled to relief on this issue.

### Witness examination by trial court

Defendant contends that the trial court inappropriately questioned the latent print examiner regarding the number of identifying points necessary to find a fingerprint match. Defendant argues that the trial court improperly assisted the State in its cross-examination. The State asserts that the trial court's examination of the witness was not improper.

Rule 614(b) of the Tennessee Rules of Evidence provides that a trial court may question witnesses. This court has previously explained that "[s]o long as the inquiry is impartial, trial courts may ask questions to either clarify a point or to supply any omission." *State v. Schiefelbein*, 230 S.W.3d 88, 117 (Tenn. Crim. App. 2007). "The aim of this rule is to avoid giving 'the jury any impression as to [the judge's] feelings or to make any statement which might reflect upon the weight or credibility of evidence or which might sway the jury.'" *Id.* Rule 614(c) specifically requires that objection to the court's questioning must be made during the course of the trial court's interrogation "or at the next available opportunity when the jury is not present." Tenn. R. Evid. 614(c); *Schiefelbein*, 230 S.W.3d at 118.

During the State's direct examination of Mr. Gathright, defense counsel asked to approach the bench. Defense counsel noted that he was "not sure if there's been enough, if any, testimony about were the points required. I'd like to know some of the identifying points for him to make a decision to say that what's on the card is what's on the file." The prosecutor offered to "flesh out" more detail about the points required for a positive

fingerprint identification, and the trial court indicated that it "d[id]n't know that they're necessary, but either side may" ask additional questions. After the State completed its direct examination, the trial court asked Mr. Gathright about the standard used to determine whether a fingerprint was a match. Mr. Gathright answered that he "generally [went] for a number of seven" points in order to make a positive match. The trial court questioned Mr. Gathright about the prints he compared in this case, and Mr. Gathright testified that he made a positive match between Defendant's fingerprint and the print recovered from the crime scene. Defense counsel did not object to the trial court's questioning of Mr. Gathright, and defense counsel did not cross-examine Mr. Gathright.

In the instant case, the trial court's questions were designed to clarify Mr. Gathright's testimony regarding the number of points required to make a positive fingerprint identification. Therefore, we conclude that the trial court's questions were permissible. Defendant is not entitled to relief on this issue.

### Expert opinion by lay witness

Defendant contends that it was plain error for the trial court to allow a lay witness to give improper expert opinion testimony. The State argues that Defendant has waived consideration of this issue by failing to contemporaneously object and that Defendant has failed to establish plain error because Defendant cannot demonstrate that the witness's testimony had any impact on the outcome of his trial.

Carrie Preston, an employee of the Shelby County Sheriff's Department Records and Identification office, testified that she took Defendant's fingerprints during trial and compared them to the prints on file in AFIS and that she found them to be a match. Defendant argues that this testimony "exceeds the scope of a lay witness's opinion testimony" and that "[t]he comparison of fingerprints falls within the realm of technical or specialized knowledge required of an expert witness." Defendant failed to object to Ms. Preston's testimony at trial. As stated in this opinion with regard to other issues raised by Defendant, failure to make a contemporaneous objection and failure to raise the issue in his motion for new trial constitutes waiver of the issue. Tenn. R. Evid. 103(a)(1) ("Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and . . . [i]n case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection if the specific ground was not apparent from the context."); Tenn. R. App. P. 36(a); Tenn. R. App. P. 3(e); *see also Smith*, 24 S.W.3d at 280; *Schiefelbein*, 230 S.W.3d at 118. Thus, as argued by the State, the issue is waived.

11

*Exclusion of photograph from evidence*

Defendant contends that the trial court erred by preventing him from identifying a photograph of Harvey Anderson, the man Ms. Ahmed identified as the perpetrator during Defendant's preliminary hearing.

Defendant argues that he was prevented from attacking the credibility of Ms. Ahmed's identifications of Defendant as one of the perpetrators because he was not allowed to authenticate a photograph of Harvey Anderson, the person Ms. Ahmed identified at Defendant's preliminary hearing. During Defendant's direct examination, defense counsel asked:

> Q. All right. Now, when she made an identification of who robbed her that day, which of those six individuals – you don't have to say a name, but which of those six individuals did she point to?
>
> A. The third person.
>
> Q. Were you the third person?
>
> A. No, sir. I was not.
>
> Q. After that hearing, what happened later that day?
>
> A. The charge was dismissed.
>
> Q. All right. Did you happen to know the person there that she did identify?
>
> A. No, sir.
>
> Q. Okay. The point being, though, somebody was identified besides you. Do you remember the name? If you don't, that's fine.
>
> A. I think it was Harvey Anderson.

The State requested that counsel approach the bench, and the photograph was discussed. Defense counsel stated that he "was just going to ask him if that fairly depicted the person who was pointed out that day. That's all I was going to do." The State responded, "I don't know who that is. I don't know if he knows who that is. I just don't feel that's an appropriate question." Defense counsel stated, "I just wanted

12

[Defendant] to establish that was the person that [Ms. Ahmed] pointed out, if he remembered, if that fairly and accurately depicts the person he saw her point out." The trial court expressed concern that the photograph could not be authenticated by Defendant. The trial court stated, "I don't know if he can authenticate it. He can certainly testify that she identified somebody else at a prelim[inary hearing]."

Defendant's argument on appeal is unclear. Defendant asserts that there was a relevant question disallowed by the trial court, but he does not state what that question was. Defendant states in his brief, "the question asked of [Defendant] did not require the admission of the photograph into evidence, and thus, did not require authentication of the photograph." The State asserts that the trial court allowed defense counsel to ask Defendant whether Ms. Ahmed identified someone else at the preliminary hearing, which defense counsel had already asked and Defendant had already answered at the time of the bench conference. To the extent that Defendant argues on appeal that the photograph should have been admitted into evidence, we must defer to the trial court's ruling.

"'[T]he admissibility of photographs lies within the discretion of the trial court whose ruling 'will not be overturned on appeal except upon a clear showing of an abuse of discretion.'" *State v. Morris*, 24 S.W.3d 788, 810 (Tenn. 2000) (quoting *State v. Banks*, 864 S.W.2d 947, 949 (Tenn. 1978)). A photograph may only be admitted into evidence if it is "relevant to an issue that the jury must decide and the probative value of the photograph [ ] outweigh[s] any prejudicial effect that it may have upon the trier of fact." *Id.*

The trial court suggested that Defendant could not properly authenticate the photograph. During the bench conference, the prosecutor argued that Ms. Ahmed should have been the witness to authenticate it. The photograph is not in the record on appeal. Under these circumstances, we defer to the trial court's ruling. *See State v. Oody*, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991) ("In the absence of an adequate record on appeal, this court must presume that the trial court's rulings were supported by sufficient evidence."). Furthermore, we cannot see how Defendant was prejudiced by the trial court's exclusion of the photograph from evidence. Defendant testified that Ms. Ahmed identified someone other than him at his preliminary hearing. Ms. Ahmed testified that she identified someone else at Defendant's preliminary hearing. Defendant has not stated any reason why the admission of the photograph would have added to the evidence already in the record. Defendant is not entitled to relief on this issue.

### Sufficiency of the evidence

Defendant contends that the evidence at trial was insufficient to sustain his conviction for aggravated robbery. Specifically, Defendant asserts that the State failed to

prove his identity as the perpetrator because Ms. Ahmed's identification of him as one of the perpetrators was not credible.

"Because a verdict of guilt removes the presumption of innocence and raises a presumption of guilt, the criminal defendant bears the burden on appeal of showing that the evidence was legally insufficient to sustain a guilty verdict." *State v. Hanson*, 279 S.W.3d 265, 275 (Tenn. 2009) (citing *State v. Evans*, 838 S.W.2d 185, 191 (Tenn. 1992)). When this court evaluates the sufficiency of the evidence on appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences that may be drawn from that evidence. *State v. Davis*, 354 S.W.3d 718, 729 (Tenn. 2011) (citing *State v. Majors*, 318 S.W.3d 850, 857 (Tenn. 2010)). When a defendant challenges the sufficiency of the evidence, the standard of review applied by this court is "whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *State v. Parker*, 350 S.W.3d 883, 903 (Tenn. 2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Similarly, Rule 13(e) of the Tennessee Rules of Appellate Procedure states, "Findings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the finding by the trier of fact of guilt beyond a reasonable doubt."

Guilt may be found beyond a reasonable doubt where there is direct evidence, circumstantial evidence, or a combination of the two. *State v. Sutton*, 166 S.W.3d 686, 691 (Tenn. 2005); *State v. Hall*, 976 S.W.2d 121, 140 (Tenn. 1998). The standard of review for sufficiency of the evidence "'is the same whether the conviction is based upon direct or circumstantial evidence.'" *State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011) (quoting *State v. Hanson*, 279 S.W.3d 265, 275 (Tenn. 2009). The jury as the trier of fact must evaluate the credibility of the witnesses, determine the weight given to witnesses' testimony, and reconcile all conflicts in the evidence. *State v. Campbell*, 245 S.W.3d 331, 335 (Tenn. 2008) (citing *Byrge v. State*, 575 S.W.2d 292, 295 (Tenn. Crim. App. 1978)). Moreover, the jury determines the weight to be given to circumstantial evidence and the inferences to be drawn from this evidence, and the extent to which the circumstances are consistent with guilt and inconsistent with innocence are questions primarily for the jury. *Dorantes*, 331 S.W.3d at 379 (citing *State v. Rice*, 184 S.W.3d 646, 662 (Tenn. 2006)). When considering the sufficiency of the evidence, this court shall not substitute its inferences for those drawn by the trier of fact. *Id.*

The identity of the perpetrator "is an essential element of any crime." *State v. Rice*, 184 S.W.3d 646, 662 (Tenn. 2006). The perpetrator's identity "may be established solely on the basis of circumstantial evidence." *State v. Lewter*, 313 S.W.3d 745, 748 (Tenn. 2010).

14

A person commits aggravated robbery who commits a robbery with a deadly weapon. T.C.A. § 39-13-402(a)(1). Robbery "is the intentional or knowing theft of property from the person of another by violence or putting the person in fear." *Id*. § 39-13-401(a). "A person commits theft of property if, with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent." *Id*. § 39-14-103.

Defendant argues that Ms. Ahmed's identification of him as one of the perpetrators was not credible because she misidentified another person at Defendant's preliminary hearing, and when identifying Defendant at trial, Ms. Ahmed noted that Defendant had gained weight and testified "it looks like him." The State argues that any inconsistency in Ms. Ahmed's identification of Defendant was for the jury to consider and that Defendant has not demonstrated that Ms. Ahmed's misidentification at the preliminary hearing was sufficient to create reasonable doubt. We agree with the State.

The identification of the defendant as the person who committed the crime is a question of fact for the jury. *See State v. Strickland*, 885 S.W.2d 85, 87 (Tenn. Crim. App. 1993). The credible testimony of one identification witness is sufficient to support a conviction if the witness viewed the accused under such circumstances as would permit a positive identification to be made. *State v. Radley*, 29 S.W.3d 532, 536 (Tenn. Crim. App. 1999) (citing *Strickland*, 885 S.W.2d at 87-88). The jurors in Defendant's trial were instructed as to several different considerations in analyzing the credibility of eyewitness identifications: (1) the witness's capacity and opportunity to observe the offender; (2) the degree of certainty expressed by the witness regarding the identification and the circumstances under which it was made; (3) the occasions, if any, on which the witness failed to make an identification of the defendant, or made an identification that was inconsistent with the identification at trial; and (4) the occasions, if any, on which the witness made an identification that was consistent with the identification at trial, and the circumstances surrounding such identifications.

Ms. Ahmed identified Defendant as one of the robbers in a pretrial photo lineup and again at trial. At Defendant's preliminary hearing, she failed to identify Defendant and identified someone else as one of the perpetrators. Ms. Ahmed explained at trial the men sitting around Defendant at the preliminary hearing were all wearing the same orange jail clothing. Ms. Ahmed testified that she knew Defendant prior to the robbery because he came into her store daily. Additionally, Defendant's fingerprint was found on one of the cigarette packs disturbed by the robbers. Given these facts, a reasonable jury could have found that the victim's identification testimony was credible. Defendant is not entitled to relief on this issue.

15

*Cumulative effect of errors*

Defendant asserts that the cumulative effect of the trial court's errors "combine to create a trial that was fundamentally unfair." *See State v. Hester*, 324 S.W.3d 1, 77 (Tenn. 2010) ("To warrant assessment under the cumulative error doctrine, there must have been more than one actual error committed in the trial proceedings."). Having found only one error, the effect of which was harmless, we cannot conclude that cumulative error prevented Defendant from having a fair trial.

## CONCLUSION

Having reviewed the entire record and the parties' briefs in this case, we find no error and affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, PRESIDING JUDGE